# **EXHIBIT F**

# EXHIBIT D

**EMAILED AND SENT VIA MAIL**

Cullen & Associates, P.C.
Attn: Kevin Cullen
299 Broadway, Suite 1510
New York, NY 10007
212-233-9772
nonpayments@cullenpc.com

   Re: Tivoli BI LLC v. Lisa Prince et al, LT-320098-24/KI

Dear Kevin Cullen,

  On July 3, 2024, your office filed a lawsuit against me on behalf of Tivoli BI LLC, which claims I owe $5,483.00 for rental arrears for the months of September 2023 through and including May 2024.

  I do not owe my landlord any rental arrears. I have paid my Section 8 share of the rent each of the months alleged. As far as I can tell, my landlord has been inappropriately applying my rental payments towards a balance of at least $190,115.86, which I assume it claims I owe in use and occupancy. *See* December 2024 Stellar Management Bill (attached).

  I do not owe my landlord this money. As you are aware, for years, the landlord refused to provide me with a lease, despite first my nephew's, and then my, lawful claim to succession and my repeated requests for a new lease. Instead, the landlord initiated frivolous nonpayment cases against me to try to remove me from the apartment. The court never found that I owed the landlord any unpaid rent. Instead, in 2017, the housing court stated that the landlord was "precluded from seeking rental arrears from the [tenants] since it failed to provide [them] with a lease after multiple requests for a lease were made. *See* J. Scheckowitz Decision/Order dated June 30, 2017, LT-51168-17/KI (attached). As far as use and occupancy, the landlord has never asked a court to award use and occupancy and I have never been told I have to pay use and occupancy.

  I believe that you and the landlord are breaking the law by seeking to collect on a debt which I clearly do not owe via the nonpayment lawsuit. Please immediately discontinue this action against me and send me a filestamped proof of the same.

               Respectfully,

               Lisa Prince



**STELLAR MANAGEMENT**

44 WEST 28TH STREET, 6TH FL.
NEW YORK, NY 10001

**STATEMENT** December 2024
Due Date: 12/01/2024
Amount Due: $190,115.86
Account Number: tiv00299
MAKE CHECKS PAYABLE TO:
Stellar Management



**Bill To:**
LISA PRINCE
49 CROWN STREET APT. 28L # 57
BROOKLYN NY 11225-1817

This statement includes payments received as of 11/20/24.

REGISTRATION PIN: 7SQXD5R2

| DESCRIPTION | AMOUNT |
|---|---|
| Balance Forward | 190,117.86 |
| chk# 4517_215079674 | -660.00 |
| Base Rent (12/2024) | 658.00 |
| **TOTAL AMOUNT DUE:** | **190,115.86** |

*Please detach and return coupon with your payment.*

Page 1 of 2



**STELLAR MANAGEMENT**
44 WEST 28TH STREET, 6TH FL.
NEW YORK, NY 10001

Return Service Requested

7300003475    PRESORT 3475 1 AV 0.540 P1C14 <B>



LISA PRINCE
49 CROWN STREET APT. 28L # 57
BROOKLYN NY 11225-1817

**REMITTANCE SECTION**

Due Date: 12/01/2024
Account Number: tiv00299
Amount Due: $190,115.86

MAKE CHECKS PAYABLE TO:
Stellar Management

STELLAR MANAGEMENT
PO BOX 365
EMERSON, NJ 07630

7047619038847386161618252550000190115861201202400000002

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM   INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                                RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-6    Filed 07/02/25    Page 5 of 15 PageID #: 74

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART E
------------------------------------------------------------X
TIVOLI BI LLC,

        Petitioner,

  -against-

CHRISTIAN LEE,

        Respondent-Tenant,

LISA PRINCE,

        Respondent-Undertenant.
------------------------------------------------------------X

L&T Index No. 51168/2017

Motion Seq. No.: 001

**DECISION/ORDER**

Present:
   Hon. BRUCE E. SCHECKOWITZ
   Judge, Housing Court

Recitation, as required by CPLR §2219(a), of the papers considered in Respondent's motion to file an amended answer, for summary judgment, granting injunctions against future harassment and imposing civil penalties upon Petitioner, and for attorneys' fees and disbursements.

| Papers | Numbered |
|---|---|
| Notice of Motion & Affidavits Annexed | 1 |
| Answering Affidavits | 2 |
| Replying Affidavits | 3 |
| Exhibits | |
| Memorandum of law | |

After argument and upon the foregoing cited papers, the decision and order is decided as follows:

In this summary non-payment proceeding, Tivoli Bi, LLC ("Petitioner"), seeks to recover rent arrears from Christian Lee ("Respondent") and Lisa Prince ("Guardian") (collectively, "Respondents") for the premises located at 49-57 Crown Street, Apartment 28L, Brooklyn, NY ("Premises"). All parties are represented by counsel.

1

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM    INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                       RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-6    Filed 07/02/25    Page 6 of 15 PageID #: 75

This proceeding first appeared on the court's calendar on February 1, 2017, after the Guardian filed a *pro se* answer to the petition, on which date the proceeding was adjourned to March 14, 2017. In the interim, Respondents obtained counsel, who filed the instant motion. The motion was adjourned several times and the court heard oral argument on May 31, 2017. In their motion Respondents seek to file an amended answer to the proceeding, summary judgment, an injunction against future harassment and civil penalties and attorneys' fees.

*Relevant History*

The instant building is owned by a Limited Profit Housing Company, organized under Article 2 of the Private Housing Finance Law and is supervised by DHPD. The purpose of Article 2 of the Private Housing Finance Law was to respond to the "seriously inadequate supply of safe and sanitary dwelling accommodations for families and persons of low income, *including accommodations for handicapped persons*" by encouraging private companies to invest in properties. In exchange for the provision of safe and sanitary housing accommodations to low income families and people these private companies receive tax exemptions for such investments. *See* www.nyseate.gov/legislations/laws/PVH/11 (emphasis added).

Respondent is a mentally disabled twenty-six year-old male who has resided at the Premises his entire life. Respondent's mother, Joyce Lee, lived at the Premises as the tenant of record from 1975 until her death in January 2014. The last written lease for the Premises was between Joyce Lee and the Petitioner, for the term March 20, 3013 through March 31, 2014. Lisa Price is Joyce Lee's sister and guardian for Respondent pursuant to Article 81 of the Mental Hygiene Law. Ms. Prince moved into the Premises to care for Respondent shortly after Ms. Lee's death and was later appointed his Article 81 Guardian upon a finding that Respondent is an

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17 RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP   Document 1-6   Filed 07/02/25   Page 7 of 15 PageID #: 76

"incapacitated person or person in need of a guardian." *In the Matter of Lisa Prince v. Christian Lee,* Index Number 100005/15 (Sup Ct. Kings Co.).

Respondents maintain that within a month of Ms. Lee's death, the Guardian informed Petitioner of Ms. Lee's death, requested a lease in her and/or Mr. Lee's name, and attempted to make payments to Petitioner. Ms. Prince asserts that she provided proof to Petitioner of her Article 81 Guardianship with respect to Respondent. However, Petitioner refused to offer Respondents a lease. Respondent then filed a case with HPD requesting a determination that he was entitled to succeed to his mother's tenancy. In a letter dated October 29, 2015 from HPD to Petitioner, HPD explained that it was closing the case because Petitioner had stated that Respondent was a tenant of the Premises and as a tenant, Respondent was not entitled to succession rights. The letter further explained that Petitioner based Respondent's tenancy upon a lease addendum dated March 20, 2013. The Administrative Hearing Officer asserted that if Petitioner did not believe Respondent was entitled to occupy the Premises, its remedy was to commence a lease termination proceeding pursuant to 28 RCNY 3-18.

In May 2016, Petitioner commenced a non-payment proceeding against Christian Lee, *Tivoli Bi LLC v. Christian Lee,* Index Number L&T 61576/16, which petition provides that Mr. Lee is a tenant of the Premises pursuant to a lease agreement with Petitioner wherein he agreed to pay the rent of $1623.00 per month. The petition also provides, "[t]he tenant is a recipient of a subsidy pursuant to 12 USC 1701s; 42USC3535(D) and 24 CFR 215." Although she was never served with the notice of petition and petition, Ms. Prince filed a *pro se* answer to the proceeding on behalf of Mr. Lee and then retained Brooklyn Legal Services as his attorney. Brooklyn Legal Services filed a motion seeking to amend the *pro se* answer and for summary judgment to

3

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM    INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                        RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-6    Filed 07/02/25    Page 8 of 15 PageID #: 77

dismiss the proceeding. Prior to the court rendering a decision on the motion, Petitioner withdrew the petition and discontinued the proceeding.

Also in 2016, Petitioner sought a certificate of eviction from HPD against the Respondents on the ground of nuisance. On February 22, 2017, Administrative Hearing Officer Frances Lipa, Esq. sent an email to the parties stating in pertinent part:

> The matter before me seeks a certificate of eviction based on violations of lease provisions. To date, there is no evidence that the respondent Christian Lee is the tenant of record for the subject apartment, despite his depiction as such. Therefore, I am marking the case off the calendar.
> The housing company should not have occupants residing in an apartment without a lease – if that is the case, the housing company should either seek HPD's approval of Mr. Lee as the successor tenant or properly deny him succession rights with the right to appeal that denial.

Petitioner commenced the instant non-payment proceeding against both Christian Lee and Lisa Prince on December 27, 2016, seeking rent arrears in the amount of $56,805.00 from February 2014 through December 2016, at a rental rate of $1623.00 per month.

*The Instant Motion*

In their motion, Respondents first seek to amend their *pro se* answer and replace it with the answer drafted by Brooklyn Legal Services, which is annexed to their motion. Pursuant to CPLR §3025(b), in the absence of prejudice or surprise resulting directly from the delay, leave to amend a pleading is freely given. *Fahey v. County of Ontario*, 44 N.Y.2d 94 (1978). This rule has been applied to the amendment of answers, absent prejudice to the opposing party. *See Smith v. Maya*, 1999 WL 1037917 (App. Term 2nd Dept. 1999). Moreover, leave should be granted when the denial of the motion would create a greater prejudice than granting it. *Murray v. City of New York*, 43 N.Y.2d 400 (1977). The court finds that the potential prejudice to the

4

Respondents in failing to amend their answer outweighs any prejudice to Petitioner. Petitioner was aware of the defenses in the proposed amended answer as they are nearly identical to the defenses Respondents asserted in their proposed amended answer in the previous non-payment proceeding. Accordingly, there is no element of unfair surprise. Furthermore, Respondents did not delay in preparing the proposed amended answer to this proceeding, which was filed with their motion prior to the second court appearance. Accordingly, the branch of Respondents' motion seeking to amend the answer is granted and the answer is amended *inter alia* to reflect the defense that there is neither a lease, nor a landlord tenant relationship, between the parties.

Respondents also move for summary judgment, and a dismissal of this proceeding pursuant to CPLR 3212, because a lease agreement does not exist which would permit Petitioner to seek rent from Respondents. Petitioner argues that it is entitled to rent arrears in the amount of $1623.00 per month from Respondent pursuant to a renewal rider dated March 20, 2013 ("Renewal Rider"). The Renewal Rider named Petitioner as landlord and Joyce Lee as the tenant, and provided for a one year term which commenced on April 1, 2013 and expired on March 31, 2014 at a monthly rental amount of $1623.00. Petitioner relies on the signature page of the Renewal Rider in support of its argument that the Respondent is a tenant and is responsible to pay rent arrears to Petitioner.

The signature page appears as follows: below the area where it states, "Tenant" there are six lines. The first line purportedly contains Ms. Lee's signature; the second line states "Joyce Lee" in print; and the third line provides the date of March 20, 2013. The fourth line contains the purported signature of Christopher Lee; the next line states "Christopher Lee" in print; and the final line provides the date of March 20, 2013.

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                                                    RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-6    Filed 07/02/25    Page 10 of 15 PageID #: 79

Respondents argue that the Renewal Rider does not constitute a lease agreement between Christopher Lee and Petitioner, which obligates Mr. Lee to pay the rental arrears to the Petitioner. Respondents maintain that Mr. Lee did not have the mental capacity to bind himself to a lease agreement and that without a lease Petitioner cannot seek arrears from the Respondent. The court agrees. Petitioner's reliance on the Renewal Rider as proof of a written agreement by Respondent to pay rent arrears to Petitioner is entirely misplaced. First, the Renewal Rider does not name the Respondent as a tenant of the Premises, but rather only names his mother, Joyce Lee, as the tenant. Additionally, Respondent has been deemed an incapacitated person, incapable of providing for his own personal needs by the Kings County Supreme Court pursuant to Article 81 of the Mental Hygiene Law. Such a finding by the court, that Respondent requires a guardian to make decisions on his behalf, requires a lengthy judicial process, often involving a Court Evaluator and hearings as the incapacitated is essentially deprived of the power of managing their own property and financial affairs. Such a determination has serious implications for a ward and is only made by a court after serious scrutiny.

Clearly, the fact that a finding was made that Respondent is incapable of making life decisions on his own behalf renders Respondent incapable of binding himself to a lease agreement. *See generally Matter of Johnson*, 172 Misc.2d 684 (Sup. Ct. Suffolk Co. 1997). The court notes that Petitioner is represented by attorneys who are experienced and practice in landlord-tenant law, and consequently, contract law. For counsel to argue that this Renewal Rider constitutes a binding lease agreement on a person who lacks the capacity to enter into a contract defies logic as Respondent requires the intervention of an Article 81 Guardian.

Assuming *arguendo* the court were to find that Respondent was capable of understanding the obligations in the Renewal Rider, his mere signature on the Renewal Rider would not

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17   RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP   Document 1-6   Filed 07/02/25   Page 11 of 15 PageID #: 80

constitute a binding contract. *See In the Name of James Davis v. Dinkins*, 206 A.D.2d 365 (2nd Dept. 1994) (contracts require specific terms in order to be binding upon the signatories). Here, Respondent's name was not listed in the Renewal Rider, nor was he a signatory to the original lease for the Premises which the Renewal Rider refers to and extends for an additional year. Further, Petitioner's actions themselves reflect that the Renewal Rider was never intended to function as a lease between Respondent and Petitioner. Namely, Respondent never received any renewal leases in his name, although the term of the Renewal Rider expired on March 31, 2014. If Respondent were a tenant of the Premises, Petitioner was required by law to renew his lease. However, Petitioner never offered Respondent a lease, despite reminders from both Respondents and HPD of its obligation to tender a lease to the Respondent.

Additionally, although the Premises exists in income based housing, Petitioner never requested that Respondents certify their income. Rather, Petitioner continued to send letters to Joyce Lee demanding recertification, although it was aware she was already deceased. Accordingly, the petition seeks a rent amount from Respondents that was never agreed upon between the parties, and is based solely upon Joyce Lee's previous income, rather than Respondents' income as required by law.

The standard for summary judgment is clearly articulated in CPLR §3212(b) which provides that "the motion shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." The function of summary judgment is issue finding, not issue determination. *Sillman v. Twentieth Century Fox Film Corp.*, 3 N.Y.2d 395, 404 (1957). Summary judgment should be granted when the moving party makes a *prima facie* showing of entitlement to judgment as a matter of law, giving sufficient evidence to

7

eliminate any material issues of fact from the case. *Winegrad v. New York University Medical Center*, 64 N.Y.2d 851, 853 (1985). Moreover, "...when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the trial calendar and thus deny to other litigants the right to have their claims promptly adjudicated." *Andre v. Pomeroy*, 35 N.Y.2d 361, 364 (1974).

Clearly, since there is no binding lease agreement between Petitioner and the Respondents, dismissal is mandated. *See* RPAPL 711(2); *Stern v. Equitable Trust Co. of N.Y.*, 238 N.Y. 267, 269 (1924) ("The relation of landlord and tenant is always created by contract, express or implied, and will not be implied where the acts and conduct of the parties negative its existence.") Here, not only is the Renewal Rider an invalid lease agreement, as it was not lawfully executed by the Respondents as tenants and Petitioner as landlord, Petitioner's actions themselves do not reflect an intention to make Respondent a tenant. Petitioner never offered Respondent a lease after his mother's death, nor a renewal lease after the term of the Renwal Rider expired. Petitioner also did not request that Respondent certify his income. Rather, Petitioner commenced multiple cases to remove Respondent from the Premises and sent recertification letters to his deceased mother. A non-payment proceeding cannot lie where a landlord-tenant relationship does not exist between the parties. *See 615 Nostrand Avenue Corp. v. Roach*, 15 Misc.3d 1 (App. Term 2nd Dept. 2006); *265 Realty, LLC v. Trec*, 39 Misc.3d 150 (A) (App. Term 2nd Jud. Dist. 2013); *245 Realty Assoc v. Sussis*, 243 A.D.2d 29 (1st Dept. 1998); *Pald Enterprises, Inc. v. Gonzales*, 173 Misc.2d 681 (App. Term 2nd Dept. 1997).

Petitioner is also precluded from seeking rental arrears from the Respondent since it failed to provide him with a lease after multiple requests for a lease were made. *See 615 Nostrand Avenue Corp v. Roach*, 15 Misc.3d 1. *See also Strand Hill Associates v. Gassenbauer*,

8

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                                      RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-6    Filed 07/02/25    Page 13 of 15 PageID #: 82

41 Misc.3d 53 (App. Term 2nd Jud. Dist. 2006). Moreover, the rent amount demanded in the petition is not based upon Respondents' income as Respondents were never provided with the opportunity to certify their income. Accordingly, the petition is dismissed with prejudice to the extent that it seeks rental arrears for a period prior to the execution of a lease between the parties and seeks an improper rent amount.

Respondents also seek Civil Penalties against the Petitioner pursuant to New York City Administrative Code 27-2005(d), a/k/a Local Law No. 7. Local Law No. 7 imposes a duty upon landlords not to harass any tenants or persons lawfully entitled to occupy a dwelling. Harassment is defined as "any act or omission by or on behalf of an owner that causes or is intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy" and includes "commencing repeated baseless or frivolous court proceedings against any person lawfully entitled to occupancy of such dwelling unit." N.Y.C. Admin. Code 27-2004. Upon a finding of harassment the statute requires the court to "impose a civil penalty in an amount not less than one thousand dollars and not more than five thousand dollars." N.Y.C. Admin. Code 27-2155(m)(2).

The count finds that Petitioner harassed Respondent, Christopher Lee, by commencing repeated, baseless proceedings against him. Petitioner commenced a case with HPD seeking a certificate of eviction against Respondent on the basis that he was committing a nuisance at the Premises. The proceeding was dismissed by HPD for Petitioner's failure to offer a lease to Respondent. HPD instructed Petitioner to offer a lease to Respondent or commence a statutory procedure to remove him from the Premises but Petitioner never did. Rather, Petitioner commenced the prior non-payment proceeding against Respondent seeking $42,198.00 in rent

9

arrears. That proceeding was eventually discontinued by Petitioner after Respondent moved for summary judgment.

Shortly after discontinuing the first non-payment proceeding, Petitioner, commenced this second non-payment proceeding. Petitioner did so although it was fully aware of Respondent's defenses from the proposed amended answer and motion for summary judgment in the prior proceeding and the baseless nature of this case. Furthermore, Petitioner blatantly disregarded the HPD order to either offer a lease to Respondent or commence a lease termination proceeding pursuant to 28 RCNY 3-18. In its opposition to Respondents' motion, Petitioner frivolously maintains that Respondent is a tenant, although it has refused to treat Respondent accordingly by failing to provide him with a lease or income certification notices. Petitioner also continues to refuse to provide Respondent with a valid lease to the Premises, although it has never disputed that Respondent is entitled to succession and was instructed by HPD to offer a lease to Respondent. Compounded with the fact that Respondent is an individual incapable of adequately defending his rights, such behavior by Petitioner is beyond admonition. Petitioner is receiving the benefit of tax credits by maintaining the building pursuant to Article 2 of the Private Housing Finance Law. However, Petitioner is targeting the precise members of our society that Article 2 was designed to protect, an incapacitated, low income individual, by repeatedly seeking his eviction. In the process, Petitioner is ignoring both the laws and directives of HPD to offer Respondent a lease, so that it can attempt to either collect an obscene amount of rent arrears from a low income individual, to which it is not entitled, or evict him.

Therefore, the court fines Petitioner $1500.00 in Civil Penalties, to be paid pursuant to N.Y.C. Admin. Code 27-2155(m)(2) in thirty days after service of a copy of this decision upon Petitioner's counsel, along with notice of entry. Failure to do so will result in the imposition of a

10

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM  INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 17                                                                    RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP   Document 1-6   Filed 07/02/25   Page 15 of 15 PageID #: 84

more severe penalty. Petitioner is also once again reminded of its duty to offer Respondent(s) a lease as required by law and is cautioned against filing any further frivolous or baseless proceedings against Respondents.

This constitutes the decision and order of the court. Any relief requested but not specifically addressed is hereby denied. Respondents reserve their right to attorneys' fees to the extent that they are entitled to same. *See 245 Realty Assoc v. Sussis*, 243 A.D.2d 29.

Dated: Brooklyn, New York
June 30, 2017

HON. BRUCE E. SCHECKOWITZ,
J.H.C.