# EXHIBIT I

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM					INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 9											RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP   Document 1-9   Filed 07/02/25   Page 2 of 12 PageID #: 92

|  |  |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF KINGS PART H<br>------------------------------------------------------------------------X<br>TIVOLI BI LLC<br><br>                                   *Petitioner-Landlord*<br><br>     -against-<br><br>LISA PRINCE<br>                                   *Respondent-Tenant.*<br>------------------------------------------------------------------------X | Index No.<br>LT-320098-24/KI<br><br>**ATTORNEY<br>AFFIRMATION**<br><br>Premises<br>49-47 Crown Street, #28L<br>Brooklyn, NY 11225 |

      KAILYN GAINES, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following facts under penalty of perjury pursuant to CPLR § 2106, except to those matters alleged to be upon information and belief. As to those matters which are upon information and belief, I believe them to be true based upon information provided to me by my client, a review of the file maintained by this Court, and a review of the files maintained within my office. Your affiant also sets forth the following propositions of law:

      1.     I am a staff attorney with the Tenant Rights Coalition at BROOKLYN LEGAL SERVICES, 1709 St. Mark's Avenue, 2nd Floor, Brooklyn, New York, the attorneys for Respondent LISA PRINCE ("Ms. Prince") herein, and as such, I am fully familiar with the facts and circumstances of this case.

      2.     I make this Affirmation is support of Ms. Prince's motion for an order that (A) dismisses the petition on summary judgment pursuant to CPLR 3212, (B) imposes sanctions on Petitioner and its counsel for filing and maintaining a frivolous claim, and (C) orders any other relief that the Court finds appropriate.

1

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM         INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO.: 9                                          RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-9    Filed 07/02/25    Page 3 of 12 PageID #: 93

**Preliminary Statement**

3. Petitioner and its counsel have been targeting Ms. Prince and trying to force her out of her rightful home for over a decade since her sister passed away in 2014. This case is only the latest in a years-long onslaught, in which Petitioner and its counsel have made inappropriate use of judicial and administrative venues to accomplish their goal of displacing Ms. Prince. In 2017, the housing court made clear that Petitioner could not seek rental arrears from Ms. Prince since it failed to provide her with a lease after multiple requests for a lease were made. Following that decision, Petitioner then attempted unsuccessfully to obtain a certificate of eviction from the New York City Department of Housing Preservation and Development ("HPD") over the court of several administrative proceedings, with HPD's Assistant Commissioner ultimately ordering Petitioner provide Ms. Prince with a lease in 2020. Petitioner refused to comply with HPD's mandate.

4. Despite Petitioner's refusal, through persistence, Ms. Prince advocated to obtain an HPD Section 8 housing choice voucher. Petitioner obstructed Ms. Prince's attempts to place the voucher on the subject premises by failing to provide a lease and cooperate with the Section 8 process. The intervention of the undersigned was required to push forth the placement, otherwise HPD had advised Ms. Prince that she would have to move or risk losing her voucher. It was not until the Housing Assistance Payments ("HAP") contract was signed that Petitioner arguably became entitled to rental payments.

5. In the instant action, Petitioner seeks final judgment of possession and a monetary judgment, alleging that Ms. Prince owes $5,483.00 in rental arrears.

6. But Ms. Prince does not owe any arrears. She has paid the Section 8 portion of her rent on time, each month, since September 2023.

7. Still, Petitioner has chosen to initiate and maintain this frivolous action against Ms. Prince. Both Ms. Prince and the undersigned have given Petitioner the opportunity to voluntarily discontinue this proceeding prior to the filing of this motion; Petitioner has declined.

8. Ms. Prince asks this Court to dismiss the proceedings and impose sanctions on Petitioner and its counsel.

## Statement of Facts and Procedural History

9. Ms. Prince has lived in apartment 28L at 49 Crown Street, Brooklyn, New York 11225 for more than ten years. Prince Aff. ¶ 1.

10. From 1975 until her death in January 2014, Ms. Prince's sister, Joyce Lee, lived in the unit. *Id.* ¶ 2. Ms. Lee's mentally disabled son, Christian Lee, resided in the apartment his entire life. *Id.* Shortly after her sister's death, Ms. Prince moved into the unit to care for her nephew. *Id.* She was later appointed his guardian pursuant to Article 81 of the Mental Hygiene Law. *Id.*

11. Despite Mr. Lee's lawful succession rights to the apartment and Ms. Prince's lawful guardianship with respect to Mr. Lee, the landlord refused to recognize Mr. Lee and Ms. Prince as tenants *for years*, long-declining to offer them a lease in their names. *Id.* ¶¶ 3-4.

12. Over these years, Petitioner initiated several proceedings against Mr. Lee and Ms. Prince, with the goal of evicting them from their rightful home. *See* Prince Aff. ¶ 4. These ran a gamut of nuisance holdovers, nonpayment cases and HPD termination proceedings. Each of these proceedings were discontinued or dismissed as a result of Petitioner failing to provide Mr. Lee with a lease.

13. Most relevant of these frivolous proceedings was a nonpayment action that Petitioner filed against Mr. Lee and Ms. Prince in December 2016. That action sought $56,805.00

in rental arrears for February 2014 through December 2016. *See* Exhibit A, Scheckowitz Order, dated June 30, 2017 at 4.

14. The court dismissed this nonpayment pursuant to CPLR 3212, finding dismissal was mandated because there was no binding lease agreement between Petitioner and the Respondents. *See* Ex. A at 8.

15. Importantly, the court found that Petitioner was "precluded from seeking rental arrears from the Respondent[s] since it failed to provide [them] with a lease after multiple requests for a lease were made." *Id.* at 8-9.

16. Further, the court fined Petitioner $1,500.00, finding that it had harassed Mr. Lee and Ms. Prince by "blatantly disregard[ing] the HPD order" to offer them a lease, "frivolously maintain[ing]" that Respondents were tenants, and "continu[ing] to refuse to provide Respondent[s] with a valid lease." *Id.* at 10. "Compounded with the fact that [Mr. Lee] is an individual incapable of adequately defending his rights," the court wrote, "such behavior by Petitioner is beyond admonition." *Id.*

17. In June 2020, after several unsuccessful termination proceedings, HPD Administrative Hearing Officer Julie Walpert ordered Petitioner to issue a lease to Mr. Lee. *See* Exhibit B, HPD Letter Decision, dated June 18, 2020.

18. But Ms. Prince persevered through yet another battle to remain in her home. In 2023, she obtained an HPD Section 8 Voucher, in her name, to her apartment. Prince Aff. ¶ 6; Prince Aff. Ex. A. Because Petitioner refused to provide her a lease in her name, Section 8 initially told Ms. Prince that she would have to move to place the voucher or risk losing it. Ms. Prince reached out to the undersigned, who communicated to HPD the history between the parties and Petitioner's obligation to provide Ms. Prince with a lease. *Id.* As a result of this advocacy,

4

Petitioner cooperated with the Section 8 process and, upon information and belief, signed a HAP contract with HPD. *Id.*

19. Ms. Prince received a determination letter from HPD Section 8 in September 2023 stating that her share of the rent effective September 1, 2023 would be $658. *Id.* ¶ 8; Prince Aff. Ex. A.

20. Ms. Prince has made her rental payments on time each month. *Id.* ¶ 9; Prince Aff. Ex. C.

21. The fight for her apartment has taken a significant toll on Ms. Prince's mental and physical health. *Id.* ¶ 10. Ms. Prince suffers from a number of disabilities which affect her mobility, blood pressure, and heart. *Id.* Today, she is largely homebound. *Id.* She has a home health aide who provides cares X days a week. *Id.* She generally leaves the apartment only for doctor's appointments. *Id.*

22. Petitioner has caused Ms. Prince tremendous harm over the past ten years. Still, it has not had enough. It now appears that nothing will cause Petitioner to abandon its long campaign to displace Ms. Prince. *See id.* ¶ 21.

23. Petitioner filed the instant action against Ms. Prince on July 3, 2024. *See* Petition, NYSCEF Doc. 1. The petition alleges that Ms. Prince owes $5,483.00 in unpaid rent. *Id.* ¶ 6. These allegations are false.

24. Ms. Prince went to the management office after receiving the notice of petition. Petitioner's agent told her they did not know what was going on and advised Ms. Prince to call the main office. Prince Aff. ¶ 14.

5

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM
NYSCEF DOC. NO. 9
INDEX NO. LT-320098-24/KI
RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-9    Filed 07/02/25    Page 7 of 12 PageID #: 97

25. Ms. Prince sent a letter to Petitioner's counsel via email on February 7, 2025, explaining that she had paid all of her rent and asking Petitioner's counsel to discontinue the case. *Id.* ¶ 18.

26. The undersigned additionally emailed Petitioner's counsel, explaining the same, and indicating that Ms. Prince would move for sanctions should Petitioner continue to pursue this frivolous lawsuit. *Id.;* Exhibit C, Gaines Email.

27. As Ms. Prince has paid all of the rent for the months in question, the instant proceeding should be dismissed and Petitioner should be sanctioned for bringing this case.

## Argument

**I. The Court should grant summary judgment in favor of Ms. Prince, finding that Ms. Prince demonstrated that there can be no material issue concerning whether she owes any rent.**

28. The Court should dismiss this action pursuant to CPLR 3212.

29. To succeed on a motion for summary judgment, the moving party "must make a *prima facie* showing of entitlement of judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986] [citations omitted].

30. The burden then shifts to the opposing party, who can defeat the motion for summary judgment by "show[ing] facts sufficient to require a trial on any issue of fact." C.P.L.R. § 3212[b]. Specifically, the opposing party must "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact . . . or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form." *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 [1980] [citations omitted].

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM
NYSCEF DOC. NO. 9
INDEX NO. LT-320098-24/KI
RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-9    Filed 07/02/25    Page 8 of 12 PageID #: 98

31. When deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of every favorable inference. *See Negri v. Stop & Shop, Inc.*, 65 N.Y.2d 625, 626 [1985] [citation omitted].

32. Where the Court determines that "there is no genuine issue to be resolved at trial, the case should be summarily decided." *Andre v. Pomeroy*, 35 N.Y.2d 361, 364 [1974].

33. Summary judgment is appropriate here because there are no triable issues of fact.

34. The petition alleges that Ms. Prince owes unpaid rent for the following months:

   a. May 2024 $658.00
   b. April 2024 $658.00
   c. March 2024 $658.00
   d. February 2024 $658.00
   e. January 2024 $658.00
   f. December 2023 $658.00
   g. November 2023 $658.00
   h. October 2023 $658.00
   i. September 2023 $219.00

Petition, NYSCEF Doc. 1.

35. But Ms. Prince attests that she paid rent each of these months. Prince Aff. ¶ 14. And as an exhibit to her affirmation she attaches receipts of money orders made out to Stellar Management for her share of the rent for each of the months which Petitioner states she did not pay. *See* Prince Aff. Ex. C.

36. The evidence Ms. Prince has set forth establishes, conclusively, that she does not owe Petitioner any unpaid rent.

37. As Ms. Prince has paid her rent, Petitioner cannot maintain a nonpayment proceeding against her.

38. The Court should thus dismiss this case on summary judgment.

**II. The Court should impose sanctions on Petitioners and its attorney for bringing this frivolous lawsuit against Ms. Prince.**

39. Section 130-1.1 of the Uniform Rules for the New York State Trial Courts (22 N.Y.C.R.R.) provides that a court "may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both" for frivolous conduct." The statute defines frivolous conduct as follows:

> "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
>
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
>
> (3) it asserts material factual statements that are false."

40. The purpose of sanctions are to punish and deter:

> Sanctions are retributive, in that they punish past conduct. They are also goal oriented, in that they are useful in deterring future frivolous conduct not only by the particular parties, but also by the Bar at large. The goals include preventing the waste of judicial resources, and deterring vexatious litigation or dilatory or malicious litigation tactics.

*Levy v. Coral Management Corp.*, 260 A.D.2d 27, 34 (1st Dep't 1999).

41. Sanctions are particularly appropriate where a party maintains their course of action after being placed on notice that the claim is completely without merit in law. In *Timony v. Newmark & Co. Real Estate, Inc.*, the court noted that sanctions were particularly appropriate because the plaintiff had been notified by defendant that plaintiff had no claim. 299 A.D.2d 201 (1st Dep't 2002). The court held, "The proper use of sanctions is a desirable and appropriate way

8

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM    INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 9                                                         RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-9    Filed 07/02/25    Page 10 of 12 PageID #: 100

to discourage abusive litigation tactics." *Id.* at 202, citing *Watson v. City of New York*, 178 A.D.2d 126, 128 (1st Dep't 1991).

42. In the landlord-tenant context, sanctions have been held to be appropriate where a landlord pursues matters that lack a factual or legal foundation, where a landlord willfully misstates the facts, and where the same issue had already been litigated and decided upon by the court. *See, e.g.*, *Wlizio v. Guich,* N.Y.L.J., Jan. 6, 1998, p. 23, col. 2 (Civ. Ct. Kings Cnty.).

43. Petitioner here has initiated a frivolous proceeding by filing a nonpayment petition which asserts false material facts; the petition alleges that Ms. Prince did not pay her rent from September 2023 through May 2024, when, in fact, she paid rent for each of those months. Prince Aff. ¶ 14; Prince Aff. Ex. C.

44. Further, Petitioner was placed on notice that it had no claim. On February 7, 2025, Ms. Prince emailed Petitioner's counsel a letter in which she explained that she had paid her rent for each of the months alleged in the petition and asked Petitioner to discontinue the case. *Id.* ¶ 18. On February 25, 2025, the undersigned sent Petitioner's counsel an email also explaining that Petitioner had no claim, asking Petitioner to discontinue the case, and stating that Ms. Prince would seek sanctions should Petitioner maintain the proceeding. *See* Exhibit C, Gaines Email.

45. Despite this notice, Petitioner has not discontinued its frivolous case.

46. At this point, Ms. Prince has been victimized by Petitioner and its counsel for more than a decade. For years, Petitioner has taken every possible opportunity to infringe on Ms. Prince's right to peacefully enjoy her rightful home. And even now that Ms. Prince finally has a lease to the home—and is paying Petitioner each month pursuant to that lease—Petitioner still will not rest. Petitioner continues to do whatever it can to force Ms. Prince out of her home—including lie to the Court.

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM     INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 9                                      RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP    Document 1-9    Filed 07/02/25    Page 11 of 12 PageID #: 101

47. This will not be the first time that Petitioner or its counsel has been admonished for its behavior as it relates to Ms. Prince. *See, e.g.,* Ex. A, Schekowitz Decision. But it is clear that neither Petitioner nor its counsel learned its lesson; all these years later, here we are again.

48. Petitioner's material misrepresentations are not without consequence. As a result of this action, Ms. Prince has suffered emotional and physical harm, worrying that her decade-long battle for her home has somehow restarted and she is again at risk of losing her apartment. *See* Prince Aff. ¶¶ 10, 19-21. Ms. Prince and the undersigned counsel have spent time and resources preparing the instant motion. The Court, too, will be required to expend resources adjudicating a baseless proceeding.

49. For initiating a baseless petition and maintaining it despite being put on notice, Petitioner and its counsel should be sanctioned for its frivolous conduct.

## Conclusion

50. This is a frivolous proceeding. Ms. Prince has paid her rent. The Court should dismiss this case on summary judgment, sanction Petitioner and its counsel, and order any other relief it deems appropriate.

FILED: KINGS CIVIL COURT - L&T 03/04/2025 08:13 AM                INDEX NO. LT-320098-24/KI
NYSCEF DOC. NO. 9                                                 RECEIVED NYSCEF: 03/04/2025

Case 1:25-cv-03679-NCM-CLP   Document 1-9   Filed 07/02/25   Page 12 of 12 PageID #: 102

WHEREFORE, for all of the reasons stated above, the undersigned respectfully requests that the Court grant the within motion in its entirety.

Dated: March 3, 2025
Brooklyn, NY

                                                    Respectfully submitted,

                                                    -------------------------------------------------
                                                    BROOKLYN LEGAL SERVICES
                                                    by Kailyn Gaines, Esq.
                                                    1709 Saint Mark's Avenue
                                                    Brooklyn, NY 11233
                                                    718-233-6418
                                                    kgaines@lsnyc.org
                                                    *Attorneys for Respondent-Tenant*

TO:     CULLEN & ASSOCIATES, P.C.
           299 Broadway, Suite 1510
           New York, NY 10007
           212-233-9772
           nonpayments@cullenpc.com