# EXHIBIT K

Case 1:25-cv-03679-NCM-CLP    Document 1-11    Filed 07/02/25    Page 2 of 7 PageID #: 106

CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: HOUSING PART H

------------------------------------------------------------------------X

**TIVOLI BI LLC**

*Petitioner-Landlord*

-against-

**LISA PRINCE**

*Respondent-Tenant.*

------------------------------------------------------------------------X

Index No.
LT-320098-24/KI

**SUPPLEMENTAL
ATTORNEY
AFFIRMATION IN
SUPPORT OF MOTION**

Premises
49-47 Crown Street, #28L
Brooklyn, NY 11225

KAILYN GAINES, an attorney duly licensed to practice law in the Courts of the State of New York, hereby affirms the following facts under penalty of perjury pursuant to CPLR § 2106, except to those matters alleged to be upon information and belief. As to those matters which are upon information and belief, I believe them to be true based upon information provided to me by my client, a review of the file maintained by this Court, and a review of the files maintained within my office. Your affiant also sets forth the following propositions of law:

1.      I am a staff attorney with the Tenant Rights Coalition at BROOKLYN LEGAL SERVICES, 1709 St. Mark's Avenue, 2nd Floor, Brooklyn, New York, the attorneys for Respondent LISA PRINCE ("Ms. Prince") herein, and as such, I am fully familiar with the facts and circumstances of this case.

2.      I make this Supplemental Affirmation in support of Ms. Prince's motion for an order that (A) dismisses the petition on summary judgment pursuant to CPLR 3212, (B) imposes sanctions on Petitioner and its counsel for filing and maintaining a frivolous claim, and (C) orders any other relief that the Court finds appropriate.

3.      The grant should grant Ms. Prince's motion in its entirety.

1

Case 1:25-cv-03679-NCM-CLP    Document 1-11    Filed 07/02/25    Page 3 of 7 PageID #: 107

## **ARGUMENT**

**I.     After being given a rent ledger by Petitioner's counsel in court, Ms. Prince now attaches documentary evidence prepared by Petitioner that she paid the months alleged in the petition.**

4.     For nearly a year—since July 3, 2024—Petitioner has maintained this nonpayment action against Ms. Prince, in which it seeks to recover $5,483.00 in rent which it alleges Ms. Prince failed to pay between September 2023 and May 2024.

5.     Ms. Prince has, indisputably, paid this rent.  The rent breakdown which Petitioner's counsel provided to the undersigned in court during the March 4, 2025 appearance clearly indicates that Ms. Prince paid her rent for each of the months alleged in the Petition.  *See* **Ex. A, Rent Breakdown** at 5-6; *see also* NYSCEF Doc. 17, Money Order Receipts Sept 2023- May 2024.

6.     Accordingly, via her papers, Ms. Prince has made "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate absence of any material issues of fact" (*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 [1986] [citations omitted]).

7.     In turn, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986) (citations omitted).

8.     Despite twice-insisting on the opportunity to file an opposition brief—first at the March 4 appearance, where the parties adjourned until April 16 and Petitioner agreed to file opposition by April 1, and again at the April 16 appearance, where the Court ordered Petitioner to file opposition by May 16—Petitioner has filed no papers opposing Ms. Prince's motion.

Case 1:25-cv-03679-NCM-CLP    Document 1-11    Filed 07/02/25    Page 4 of 7 PageID #: 108

9.      Petitioner has put forth no evidence which would suggest a dispute as to whether Ms. Prince paid this rent.  Indeed, Petitioner's own rent breakdown confirms the fact that Ms. Prince paid her rent during the months which the petition alleges nonpayment.

10.     As Petitioner has not met its burden, Ms. Prince is entitled to dismissal of the petition on summary judgment.

**II.   Despite seeking adjournments of the proceeding twice to file opposition, Petitioner has failed to do so, further prolonging this frivolous action, causing Ms. Prince continuing harm and her counsel to expend unnecessary resources.**

11.     In her summary judgment motion, Ms. Prince moved for sanctions against Petitioner and its attorney pursuant to Section 130-1.1 of the Uniform Rules for the New York State Trial Courts, which provides that a court "may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both" for frivolous conduct."

12.     The Rules define frivolous conduct as follows:

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false."

13.     Sanctions are even more appropriate now than they were when Ms. Prince first filed her summary judgment motion.

14.     Petitioner has long been aware that it does not have a viable nonpayment action against Ms. Prince.  Back in February, before filing the summary judgment motion, both Ms. Prince and her counsel contacted Petitioner's counsel and asked Petitioner to discontinue the case.

3

Case 1:25-cv-03679-NCM-CLP Document 1-11 Filed 07/02/25 Page 5 of 7 PageID #: 109

After hearing no response, Ms. Prince filed her motion for summary judgment, to which she attached receipts of the money orders for her rent for each of the months sought.

15.    The undersigned appeared in court on this matter on March 4, 2025, again asking Petitioner to discontinue the case. Petitioner refused and insisted on opposing Ms. Prince's motion, **despite providing Ms. Prince with a rent breakdown which clearly confirmed that Ms. Prince had paid the rent alleged in the petition.**

16.    Petitioner failed to file an opposition brief by April 1, the date set via the stipulation which was so-ordered on March 4.

17.    Thus, on April 16, the adjournment date set via the March 4 stipulation, the undersigned asked the Court to rule on Ms. Prince's summary judgment motion and dismiss the case. Specifically, the undersigned asked the Court to issue an order stating that Ms. Prince did not owe the money sought via the petition.

18.    The Court stated that it would not find summary judgment solely based on the money order receipts and indicated that it would need to review the rent breakdown. The Court also indicated that it would not impose sanctions on Petitioner's counsel without giving them another opportunity to oppose. As Ms. Prince would not abandon her motion for dismissal and continued to pursue sanctions, the Court gave Petitioner's counsel until May 16—another month— to file opposition.

19.    Still, Petitioner failed to file opposition.

20.    Over three months have passed since Ms. Prince informed Petitioner and its counsel that she paid the rent sought, and over ten weeks have passed since Petitioner's counsel first provided the undersigned with a rent breakdown which confirms that the petition is frivolous.

4

Case 1:25-cv-03679-NCM-CLP    Document 1-11    Filed 07/02/25    Page 6 of 7 PageID #: 110

21.     Petitioner knows that it has no basis on which to maintain this action or oppose Ms. Prince's motion.  It has refused to discontinue and insisted on filing opposition only to delay or prolong resolution of this case.

22.     This delay has materially harmed Ms. Prince, who has been harassed and subject to abusive litigation filed by Petitioner for nearly a decade.  Ms. Prince continues to worry that her decade-long battled for her home has somehow restarted and she is again at risk of losing her apartment.

23.     Petitioner and its counsel have also unnecessarily caused the undersigned and the Court to expend resources on this frivolous action.  The appearance on June 4 will be the third court appearance in a matter of months on an action which should never have been brought and could have been voluntarily discontinued back in February.

24.     The Court should sanction Petitioner and its counsel for continuing to pursue this frivolous case and for prolonging its resolution by repeatedly asking for the opportunity to file opposition papers but failing to do so.

## CONCLUSION

25.     Petitioner and its counsel have failed to meet their burden in demonstrating any dispute as to whether Ms. Prince has paid the rent sought in the petition.

26.     They have maintained a proceeding based on material facts which they know are false and taken actions in this proceeding solely to prolong resolution of a frivolous matter.  Thus, they should be sanctioned.

27.     For these reasons, Ms. Prince respectfully requests that this Court issue an order:

a.   DISMISSING the petition on summary judgment pursuant to CPLR 3212;

5

Case 1:25-cv-03679-NCM-CLP    Document 1-11    Filed 07/02/25    Page 7 of 7 PageID #: 111

b.  IMPOSING sanctions on Petitioner and its counsel for filing and maintaining a

    frivolous claim, and;

c.  ORDERING any other relief that the Court finds appropriate.

I affirm this 30ᵗʰ day of May, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a Court of law.

Dated:

May 30, 2025
Brooklyn, NY

Respectfully submitted,

BROOKLYN LEGAL SERVICES
by Kailyn Gaines, Esq.
1709 Saint Mark's Avenue
Brooklyn, NY 11233
718-233-6418
kgaines@lsnyc.org
*Attorneys for Respondent-Tenant*

TO:

CULLEN & ASSOCIATES, P.C.
299 Broadway, Suite 1510
New York, NY 10007
212-233-9772
nonpayments@cullenpc.com

6