# EXHIBIT Q

FILED: KINGS CIVIL COURT - L&T 04/18/2023 05:11 PM       INDEX NO. LT-309097-22/KI
NYSCEF DOC. NO. 25                                          RECEIVED NYSCEF: 04/18/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-17    Filed 07/02/25    Page 2 of 6 PageID #: 134

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART H
-------------------------------------------------------------x

TIVOLI BI LLC

                              Petitioner,

    -against-                       Index No.: LT-309097-22/KI

                                          **AFFIRMATION IN SUPPORT**

CAROL AYALA
49-57 Crown Street
Apt. 4B
Brooklyn, NY 11225

                              Respondent.
-------------------------------------------------------------x

Maggie Saalfield, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

1. I am of counsel to Twyla Carter, Attorney-in-Chief of The Legal Aid Society, attorneys of record for Respondent of the subject premises herein, Carol Ayala (hereinafter "Ms. Ayala"). As such, I am familiar with the facts of this nonpayment proceeding.

2. I submit this affirmation in support of Ms. Ayala's motion to dismiss because the rent demand served upon her by Petitioner is not a close approximation of what is owed, as demonstrated by Petitioner's own rent breakdowns.

### FACTS & PROCEEDURAL HISTORY

3. Ms. Ayala has lived within the subject premises for approximately 15 years.

4. The instant nonpayment was purportedly commenced on May 2, 2022 by Notice of Petition and Petition. **Exhibit 1**; NYSCEF Doc. No. 2.

5. As reflected in Petitioner's rent ledger, Prior to the month of February 2021, Respondent was charged and paid rent set at $622.00. **Exhibit 2**.

FILED: KINGS CIVIL COURT - L&T 04/18/2023 05:11 PM        INDEX NO. LT-309097-22/KI
NYSCEF DOC. NO. 25                                           RECEIVED NYSCEF: 04/18/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-17    Filed 07/02/25    Page 3 of 6 PageID #: 135

6. On February 18, 2021, Petitioner's rent ledger inexplicably adds a lump sum charge of $7,458.00 for the alleged reason, "As per Wanda- tnt responsible for full contract rent as of 4/2020." *Id*. at 10.

7. Thereafter, rent was charged by Petitioner and paid by Respondent at the amount of $1,222.00. *Id*.

8. The petition seeks rent arrears in the amount of $8,355.00. **Exhibit 1.**

9. This proceeding was predicated on a Fourteen Day Rent Demand seeking rent in the amount of $10,795.00. *Id*. At 8.

10. Ms. Ayala submitted a pro se answer on June 13, 2023. NYSCEF Doc. No. 4.

11. Petitioner made a motion for default, as amended on November 22, 2023. NYSCEF Doc. No. 15. The motion was later withdrawn by stipulation. *See* NYSCEF Doc. No. 18.

12. The Legal Aid Society submitted a Notice of Appearance for Respondent on January 11, 2023. NYSCEF Doc. No. 17.

13. The matter was adjourned by stipulation on January 11, 2023 to allow Respondent time to file an amended answer. *See* NYSCEF Doc. No. 18.

14. Respondent submitted an amended answer with counterclaims on February 16, 2023. NYSCEF Doc. No. 19.

15. Petitioner submitted a reply to the amended answer on March 1, 2023. *See* NYSCEF Doc. No. 20.

16. The parties stipulated to a motion schedule on March 28, 2023. *See* NYSCEF Doc. No. 23.

FILED: KINGS CIVIL COURT - L&T 04/18/2023 05:11 PM        INDEX NO. LT-309097-22/KI
NYSCEF DOC. NO. 25                                        RECEIVED NYSCEF: 04/18/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-17    Filed 07/02/25    Page 3 of 6 PageID #: 135

2 of 5

FILED: KINGS CIVIL COURT - L&T 04/18/2023 05:11 PM        INDEX NO. LT-309097-22/KI
NYSCEF DOC. NO. 25                                                RECEIVED NYSCEF: 04/18/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-17    Filed 07/02/25    Page 4 of 6 PageID #: 136

## ARGUMENT

**I. This nonpayment proceeding must be dismissed because the rent demand is not a good-faith approximation of the sum owed.**

17. Proof of a proper rent demand pursuant to Section 711(2) of the R.P.A.P.L. is an indispensable prerequisite to the maintenance of a nonpayment proceeding. <u>Solack Estates, Inc. v. Goodman</u>, 102 Misc.2d 504, 425 N.Y.S.2d 906, 907 (App. Term 1st Dep't 1979), aff'd 78 A.D.2d 512, 432 N.Y.S.2d 3 (1st Dep't 1980).

18. A nonpayment proceeding cannot be maintained when the predicate rent demand fails to comply with the R.P.A.P.L. *Id.* Rent demand "should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and the approximate good faith sum of rent assertedly due for each such period." <u>Schwartz v. Weiss-Newell</u>, 87 Misc.2d 558, 386 N.Y.S.2d 191 (Civ. Ct. N.Y. Co. 1976); <u>ShopRite Supermarkets, Inc. v. Yonkers Plaza Shopping</u>, 29 AD3d 564 (2nd Dep't 2006), <u>402 Nostrand Avenue Corp. v. Smith</u>, 19 Misc3d 44 (App Term, 2nd Dep't 2008); <u>Shimon Realty v. Stosko</u>, N.Y.L.J. June 24, 2002, p.24 c.6 (Civ. Ct. Kings Co.).

19. Courts have consistently held that rent demands should set forth accurate month-by-month rent breakdowns. *See* <u>Regent v. Bernard</u>, N.Y.L.J. March 25, 1992, p.22 c.5 (Civ. Ct. Kings Co.) (demand improperly claims lump sum for 47-month period with no breakdown); <u>97-101 Realty LLC. v. Sanchez</u>, NYLJ March 9, 2016 (Civ. Ct Kings Co.) (failing to properly credit earmarked payments renders notice defective).

20. Here, the underlying rent demand served herein is improper because it seeks an amount that is not a close approximation of what was owed for the pertinent period.

21. The rent demand fails to account for the rent payments Respondent made during the specified period. In particular, the rent demand claims rent is owed for the nine months of July 2021, August 2021, September 2021, October 2021, November 2021, December 2021, January 2022, February 2022, and March 2022.

22. Petitioner's own rent breakdown shows that Respondent paid each and every one of those nine months within the months the rent first became due. *See* NYSCEF Doc. No. 21.

23. Instead, Petitioner appears to be seeking relief for the charge added to the account on February 18, 2021, in the lump sum of $7,458.00.

24. Petitioner therefore seeks a sum of money it alleges Respondent owes for months not even mentioned in the rent breakdown while its records reveal the months mentioned in the rent breakdown are fully paid.

25. Finally, defects in a predicate notice such as a rent demand are not subject to cure by amendment. Chinatown Apartments v. Chu Cho Lam, 51 N.Y.2d 786, 433 N.Y.S.2d 86 (1981). Thus, the petitioner's nonpayment proceeding should be dismissed even if it admits its error and seeks to amend its rent demand. *Id*.

**II. This nonpayment proceeding must be dismissed because the petition inaccurately describes the subject premises.**

26. Petitions must accurately "describe the premises from which removal is sought" under RPAPL § 741(3).

27. The description of the premises must be accurate enough to allow the marshal, when executing the warrant of eviction, to locate the premises without additional information. City of New York v. Mortel, 156 Misc.2d 305 (Civ. Ct. Kings Co. 1992), aff'd 161 Misc.2d 681 (App. Term 2nd Dep't 1994)

FILED: KINGS CIVIL COURT - L&T 04/18/2023 05:11 PM  INDEX NO. LT-309097-22/KI
NYSCEF DOC. NO. 25                                   RECEIVED NYSCEF: 04/18/2023

Case 1:25-cv-03679-NCM-CLP   Document 1-17   Filed 07/02/25   Page 6 of 6 PageID #: 138

28. A defective description is not amendable and requires dismissal of the proceeding. US Airways, Inc. v. Everything Yogurt Brands, Inc., 18 Misc.3d 136(A) (App. Term 2nd & 11th Jud. Dist. 2008); 272 Sherman, LLC v. Vasquez, 4 Misc.3d 370 (Civ. Ct. N.Y. Co. 2004).

29. Here, the petition describes the subject premises as 49-57 Crown Street, Apt. 4B Brooklyn, NY 11225. However, the subject premises in which Respondent resides is located at 49 Crown Street, Apt. 4B Brooklyn, NY 11225.

WHEREFORE, Ms. Ayala respectfully requests an order granting her motion to dismiss in its entirety, and providing such other and further relief as the Court deems just and proper.

By: Katie O'Brien, Law Graduate
Brooklyn Neighborhood Office
394 Hendrix St.
Brooklyn, New York 11207
Tel.: 212-814-6054
Email: KOBrien@legal-aid.org

__/s/ Maggie Saalfield_____
Maggie Saalfield, Of Counsel
Tel.: 347-597-2811
Email: MSaalfield@legal-aid.org
Attorneys for Respondent