# EXHIBIT U

FILED: KINGS CIVIL COURT - L&T 07/12/2024 04:02 PM          INDEX NO. LT-303352-23/KI
NYSCEF DOC. NO. 26                                          RECEIVED NYSCEF: 07/12/2024

Case 1:25-cv-03679-NCM-CLP   Document 1-21   Filed 07/02/25   Page 2 of 5 PageID #: 168

# Civil Court of the City of New York

County of **Kings**

Part **A**

**Tivoli B1 LLC**

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

**Thelma Andrews**

Defendant(s)/Respondent(s)

Index Number **303352/23**

Motion Cal. # ____  Motion Seq. # **2**

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed | NYSCEF 19-22 |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | 0 |
| Replying Affidavits | |
| Exhibits | |
| Other | |

CIVIL COURT OF THE
CITY OF NEW YORK
JULY 12, 2024
ENTERED
KINGS COUNTY

Upon the foregoing cited papers, the Decision/Order on this Motion to _____ is as follows:

Petitioner commenced this nonpayment proceeding to recover possession of apt 20H @ 49-57 Crown St, Brooklyn NY 11225. The rent demand and petition alleges that $60,448.01 is due thru 12/2022. The rent demand states that total rent sought is $60,448.01 and total miscellaneous charges are $0. The rent demand is accompanied by a "Detailed Charge + Arrears History Rider". The Rider commences in 11/2019 and charges rent thru 12/22. The rent demand shows that no payment have been made from 11/2019 - 12/22. Respondent seeks dismissal of this case based on a defective rent demand. Their argument is two fold: a) rent demand does not show payment of approx $18,000 made by respondent for the months sought and b) that the rent demand includes surcharges that are not

Date _____  Judge, Civil Court  **p1 of 4**

1 of 4

CIVIL COURT OF THE CITY OF NEW YORK
County of Kings, Part A

TIVOLI BI LLC
    Petitioner(s)
-against-
Thelma Andrews
    Respondent(s)

**Decision/Order**

Hon. Agata E. Rumprecht-Behrens
Housing Court Judge

collectible in housing court. The court

A) Court notes that movant did not annex proof of payment but rather relies on a rent breakdown provided by petitioner (Exhibit A). Exhibit A clearly shows that multiple payments were made from 11/2019 - 4/2021. None of these payments are reflected on the rent demand. The $18,000+ discrepancy is a large one. Petitioner did not oppose this motion despite several adjournments better to for opposition. Purpose of the rent demand is to put a tenant on notice of the sum that the tenant has to pay to prevent litigation. See: 542 Holday Corp. v. Prince Fashions, Inc., 46 AD3d 309 (1st Dept 2007.) Failure to demand such a good faith approximation renders the predicate notice defective Dendy v. McAlpine, 27 Misc 3d 138(A) (Ap Term 2nd Dept (2010)

Date: July 1, 2024

Hon. Agata E. Rumprecht-Behrens
Housing Court Judge

p 2 of 4

Civil Court of the City of New York
County of Kings, Part A

TIVOLI BI LLC
    Petitioner(s)
-against-
Thelma Andrews
    Respondent(s)

**Decision/Order**

Hon. Agata E. Rumprecht-Behrens
Housing Court Judge

The discrepancy here is over $18,000. Such a large discrepancy cannot be said to be a "good faith estimate." Morant's payments + the excessive discrepancy would make it difficult to avoid litigation. A predicate notice cannot be amended. See Chinatown Apts v. Chu Cho Lam 51 NY2d 786 (1980).

The predicate notice is defective as it is not a good faith approximation of amount due. Respondent seeks summary judgment / dismissal on this issue. In order to prevail on a CPLR § 3212 motion, movant must show entitlement by admissible to a judgment and that no issues of fact exist. Here, movant raised the issue of defective predicate notice and respondents did not oppose it or raise any issues of fact. The motion is inartfully pleaded but the fact remains that

Date: July 1, 2024

                    Hon. Agata E. Rumprecht-Behrens
                    Housing Court Judge

p 3 of 4

Civil Court of the City of New York
County of Kings, Part A

TIVOLI BI LLC
    Petitioner(s)
-against-
Thelma Andrews
    Respondent(s)

**Decision/Order**

Hon. Agata E. Rumprecht-Behrens
Housing Court Judge

A defective rent demand cannot be used to maintain a nonpayment case. On a summary judgment, the court is able to search the record and grant the relief required even if the issue is not. See Freidus v. Todem Homs Inc 80 AD2d 575 (NY App Div. 1981)

Based on the above, respondents motion is granted and the case is dismissed w/o prejudice. The court does not need to reach the other issues raised on the motion. Respondent is directed to serve a copy of this Decision/Order with a Notice of Entry on petitioner's counsel by NYSCEF on or before 7/22/24.

This constitutes the Decision/Order of the Court.

Date: July 1, 2024

Hon. Agata E. Rumprecht-Behrens
Housing Court Judge