# EXHIBIT X

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART A
-----------------------------------------------------------------x

TIVOLI BI LLC

                    Petitioner - Landlord,

- against –

DEDRA HESTER, "JOHN DOE," "JANE DOE"

                    Respondent - Tenant,

-----------------------------------------------------------------x

Index No. LT-310498-23/KI

**AFFIRMATION IN SUPPORT OF MOTION TO INTERPOSE AMENDED ANSWER**

Premises:
49-57 Crown Street
Apt. 25C
Brooklyn, NY 11225

RAPHAEL POPE-SUSSMAN, ESQ., an attorney duly admitted to practice law in the State of New York, hereby affirms under the penalty of perjury, except as to those matters stated upon information and belief. As to those matters, I believe them to be true based upon information provided to me by my client, a review of public records, and a review of the files maintained within my office. Your affirmant also sets forth the following propositions of law:

1. I am a Staff Attorney with BROOKLYN LEGAL SERVICES, attorneys for Respondent Dedra Hester ("Respondent").

2. I make this affirmation in support of Respondent's Motion to Interpose an Amended Answer. The proposed Amended Answer is annexed to this Motion as Exhibit A.

## PROCEDURAL HISTORY

3. This non-payment proceeding was commenced by Petitioner on April 1, 2023 by petition and notice of petition. NYSCEF Doc. Nos. 1–2.

4. On June 15, 2023, Respondent Dedra Hester ("Respondent"), the tenant of record AT 49-57 Crown Street, Apt. 25C, Brooklyn, NY 11225 (the "subject premises"), filed a *pro se* answer to the Petition. NYSCEF Doc. No. 6.

FILED: KINGS CIVIL COURT - L&T 11/13/2023 11:02 AM	INDEX NO. LT-310498-23/KI
NYSCEF DOC. NO. 10	RECEIVED NYSCEF: 11/13/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-24    Filed 07/02/25    Page 3 of 16 PageID #: 187

5. On September 21, 2023, Respondent appeared in court and was referred to Brooklyn Legal Services (BLS) through the Universal Access to Counsel (UAC) program. Dedra Hester Affidavit ("Hester Aff.") ¶ 20. On that same date, Respondent retained BLS to represent her in her housing court case. *Id.*

6. Having been provided with the assistance of counsel, Respondent now seeks leave to interpose an amended answer to the Petition.

## FACTUAL HISTORY

7. The subject premises are located in a Mitchell-Lama building that is subject to regulation under a mortgage agreement between Petitioner and the U.S. Department of Housing and Urban Development (HUD) under HUD's Section 236 Preservation Program. *See* Amended and Restated 236(e)(2) Use Agreement, annexed hereto as Exhibit B.

8. Respondent, who holds a Section 8 Housing Choice Voucher administered by the Department of Housing Preservation and Development (HPD), has resided at the subject premises for 47 years. Hester Aff. ¶ 1. She lives with her adult son Duan Hester, Sr. and her adult grandson Duan Hester, Jr. Hester Aff. ¶ 3.

9. Respondent is 77 years-old and has significant health issues that limit her mobility and require a significant amount of her time and attention to manage. Hester Aff. ¶ 5–6

10. Respondent lacks knowledge about tenant rights or housing law and lacks the resources to study these issues, given her age and focus on her health. Hester Aff. ¶¶ 18–19.

11. For this reason, at that time she filed her *pro se* answer, she was unaware of any substantive defenses to this proceeding. Hester Aff. ¶ 18.

## ARGUMENT

### I. THE COURT SHOULD GRANT RESPONDENT LEAVE TO INTERPOSE AN AMENDED ANSWER

A. <u>The court should grant Respondent leave to interpose an amended answer under the liberal standards of CPLR § 3025(b) because no prejudice will accrue to Petitioner and her proposed amendments are meritorious</u>

12. Civil Procedure Laws and Rules (CPLR) § 3025(b) provides that a party may amend a pleading "at any time by leave of court" and that "[l]eave shall be freely given upon such terms as may be just." This provision of the CPLR has been broadly and liberally interpreted, strongly favoring amendment. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit." *Bleakley Platt & Schmidt, LLP v. Barbera*, 124 N.Y.S.3d 740, 741 (2nd Dept. 2016) (citations omitted) (internal quotation marks omitted).

13. The party moving to amend need not establish the legal sufficiency or merit of its proposed amendment, and the substance of such proposed amendment will only be examined if "the insufficiency or lack of merit is clear and free from doubt." *Lucido v. Mancuso*, 851 N.Y.S.2d 238, 243 (2$^{ndst}$ Dept. 2008).

14. Prejudice in the context of CPLR § 3025(b) does not arise merely because a party is "exposed to greater liability … or has to expend additional time preparing its case … [r]ather, prejudice occurs when the party opposing amendment has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position." *Jacobson v. McNeil Consumer & Specialty Pharms.*, 891 N.Y.S.2d 387, 390 (1st Dept. 2009).

15. The burden of establishing that amendment of an answer will result in prejudice

falls entirely on the non-moving party. *Noble v. Slavin*, 54 N.Y.S.3d 200, 202 (3rd Dept. 2017).

16. The Court of Appeals has found that delay alone is insufficient to establish prejudice and bar amendment; only where lateness is "coupled with significant prejudice to the other side," will delay militate toward denying leave to amend. *Edenwald Contr. Co. v. City of New York*, 60 N.Y.2d 957, 959 (1983). In fact, the Court has found that trial courts may permit amendment even after trial.

17. The party moving to amend has no burden to establish the legal sufficiency or merit of its defenses or claims and they will only be examined if "the insufficiency or lack of merit is clear and free from doubt." *Lucido v. Mancuso*, 851 N.Y.S.2d 238, 243 (2ndst Dept. 2008).

18. This case presents the paradigmatic situation in which leave to amend a pleading is appropriate. Respondent is a layperson with no legal training or knowledge of housing law who entered her original answer to the Petition *pro see.* Hester Aff. ¶ 18. It was only after Respondent retained Brooklyn Legal Services to represent her in her eviction case, through a referral from the Universal Access to Counsel program, that she learned about several potential defenses to her case, including a "John Doe" defense, a CARES Act defense, and a defense related to the regulatory status of the subject building. She will suffer enormous prejudice if she is unable to amend her Answer to assert these defenses.

19. On the other hand, Petitioner will suffer no prejudice from Respondent's amendment of her Answer. Its case will not be "hindered" nor will it be "prevented" from vindicating any legal right or remedy if amendment is granted. *See McNeil Consumer & Specialty Pharms.*, 891 N.Y.S.2d 387 at 390.

20. Given that this case was automatically adjourned upon Respondent's first

FILED: KINGS CIVIL COURT - L&T 11/13/2023 11:02 AM
NYSCEF DOC. NO. 10
INDEX NO. LT-310498-23/KI
RECEIVED NYSCEF: 11/13/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-24    Filed 07/02/25    Page 6 of 16 PageID #: 190

appearance for the purpose of Respondent being assigned counsel through the UAC program, Petitioner was on notice that Respondent might well seek to amend her Answer after being apprised of her legal rights. As that the next court appearance is scheduled for November 22, 2023, Petitioner has ample time to make any adjustments to its legal strategy in this case, and no possible delay in these proceedings will result from the interposition of the proposed Amended Answer.

21. Given the liberal standard for granting leave to amend a pleading, the prejudice that would accrue to Respondent if she is bound to her original *pro se* answer and the absence of any prejudice to Petitioner that would result from the amendment of the Answer, this Court should grant Respondent's motion to interpose an Amended Answer.

B. <u>The Court should grant Respondent leave to interpose an amended answer to give effect to the purpose of the Universal Access to Counsel program</u>

22. The public policy embodied in Universal Access to Counsel (UAC) program of ensuring meaningful representation to tenants facing eviction in Housing Court militates strongly in favor of granting Respondent leave to amend her *pro se* answer. *See 1163 Washington LLC v. Cruz*, 172 N.Y.S.3d 617 (Civ. Ct. N.Y. Cty. 2022) (noting that because of the extraordinary nature of the legal remedy of eviction and the purpose of UAC, "to permit the full benefit of legal representation, once counsel has been retained a respondent should be permitted to file an amended answer.").

23. Respondent was referred to BLS as her UAC provider subsequent to the filing of the *pro se* answer at her first appearance, the customary order of operations in the UAC system. Hester Aff. ¶¶ 21–22. She learned of her legal defenses to this proceeding through the advice of counsel. Hester Aff. ¶ 22. As such, she could "only benefi[t] from the knowledge imparted by an

FILED: KINGS CIVIL COURT - L&T 11/13/2023 11:02 AM    INDEX NO. LT-310498-23/KI
NYSCEF DOC. NO. 10                                           RECEIVED NYSCEF: 11/13/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-24    Filed 07/02/25    Page 7 of 16 PageID #: 191

attorney" subsequent to the filing of the *pro se* answer. *41-47 Nick LLC v. Odumosu*, No. 320222-22, 2023 WL 6781438, at *6 (N.Y. Civ. Ct. 2023).

24. To deny Respondent the opportunity to amend her Answer now that she has the assistance of counsel would be to render the "'right to counsel' … an empty right." *3225 Holdings LLC v Imeraj*, 65 Misc. 3d 1219(A) (Civ. Ct. Bronx Cty. 2019).

25. The Court should give effect to the policy goals of the UAC program created by the Right to Counsel Law and grant Respondent's motion to interpose an Amended Answer.

## CONCLUSION

26. For the reasons stated herein, Respondent respectfully requests that the Court grant leave to seek to interpose her Amended Answer, deem the Answer served and filed, and grant any other further relief that this Court may deem just and proper.

**WHEREFORE,** Respondent prays that the relief sought in her motion be granted in full.

Dated: November 11, 2023
Brooklyn, NY

Respectfully submitted,

*Raphael Pope-Sussman*
_____
BROOKLYN LEGAL SERVICES
*Attorneys for Respondent*
BY: RAPHAEL POPE-SUSSMAN, ESQ.
Staff Attorney
105 Court Street, 4th Floor
Brooklyn, NY 11201
Tel: (718) 237-5523
Email: rapopesussman@lsnyc.org

To:    CULLEN & ASSOCIATES
*Attorneys for Petitioner*
KEVIN D. CULLEN, ESQ.
299 Broadway, Suite 1510
New York, NY 1007
Tel: (212) 233-9772
Email: kevin@cullenpc.com

FILED: KINGS CIVIL COURT - L&T 11/13/2023 11:02 AM    INDEX NO. LT-310498-23/KI
NYSCEF DOC. NO. 11                                                          RECEIVED NYSCEF: 11/13/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-24    Filed 07/02/25    Page 9 of 16 PageID #: 193

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART A
-----------------------------------------------------------------x

TIVOLI BI LLC

                              Petitioner - Landlord,

- against –

DEDRA HESTER, "JOHN DOE," "JANE DOE"

                              Respondent - Tenant,

-----------------------------------------------------------------x

Index No. LT-310498-23/KI

**PROPOSED AMENDED ANSWER**

Premises:
49-57 Crown Street
Apt. 25C
Brooklyn, NY 11225

**PLEASE TAKE NOTICE** that Respondent **DEDRA HESTER**, through her undersigned counsel, hereby interposes the following amended Answer to the Petition:

1.    Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Petition.

2.    Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Petition, except as to admit that she is the tenant in possession of the subject premises pursuant to a written lease agreement.

3.    Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Petition, except as to admit she is in possession of the subject premises.

4.    Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Petition, except as to admit the premises are her residence as a tenant.

5.    Respondent admits the allegations set forth in paragraph 5 of the Petition.

6. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Petition.

7. Respondent denies the allegations set forth in paragraph 7 of the Petition.

8. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Petition.

9. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Petition.

10. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Petition.

**AS FOR A FIRST DEFENSE: DEFECTIVE RENT DEMAND**
(Fails to provide good faith assertion of rent due)

11. Pursuant to RPAPL § 711(2), a proper rent demand is a mandatory predicate notice for the commencement of a non-payment proceeding. A proper rent demand must, at minimum, provide the tenant with actual notice of the alleged amount due and of the period for which such claim is made. It must be a good faith assertion of the rent due at the time of the demand, for a specific sum representing rent for specific months.

12. Respondent's rent, as alleged by Petitioner, is $902.00 per month.

13. Here, the rent demand fails to give a good faith accounting of arrears. Instead, the rent demand seeks an incorrect total sum of arrears as well as incorrect claimed arrears for months where Respondent paid rent that the demand does not reflect.

14. The Specifically, the Rent Demand dated February 10, 2023 states that Respondent as of that date owed a total of $16,386.60 in arrears. Among the arrears sought in the demand are the following sums for the following months:

    a.    September 2021: 902.20

    b.    December 2021: $902.20

    c.    January 2022: $902.20

    d.    May 2022: $902.20

    e.    June 2022: $902.20

    f.    July 2022: $902.20

    g.    August 2022: $902.20

    h.    September 2022: $902.20

    i.    October 2022: $902.20

    j.    December 2022: $902.20

15.    However, Petitioner's own ledger reflect that for the following months, Respondent paid the following sums:

    a.    September 2021: $1,200.00

    b.    December 2021: $1,000.00

    c.    January 2022: $980.00

    d.    May 2022: $1,678.00

    e.    June 2022: $300.00

    f.    July 2022: $1,088.00

    g.    August 2022: $1,078.00

    h.    September 2022: $900.00

    i.    October 2022: $1,712.00

16.    Thus, the amount of rent paid to Petitioner by Respondent was greater than the total monthly rent sought in the rent demand for the following months: **September 2021**, **December 2021**, **January 2022**, **May 2022**, **July 2022**, **August 2022**, and **October 2022**. As the rents sought in the Rent Demand for these months are greater than the stated monthly rent of $902.20, the Rent Demand is thus indisputably incorrect.

17.    For the months of **June 2022** and **September 2022**, Petitioner's ledger reflects partial payments, which would work out to a maximum shortfall of **$602.20** for **June 2022** and a

maximum monthly shortfall of **$2.20** for **September 2022**. The Rent Demand is inaccurate for these months as well.

18. Collectively, the Rent Demand is therefore not a good faith assertion of rent owed.

19. The Rent Demand also states a total sum of **$16,386.60** in arrears demanded for the months of **August 2021** through **February 2023**. However, the arrears for that period, accounting for the claimed monthly rent due and payments made by Respondent as reflected in Petitioner's ledger, were at most **$6,450.60**. Petitioner's pleading of an incorrect total sum of arrears also fails to meet the standard of a good faith assertion of rent owed.

20. The Rent Demand is therefore insufficient and fatally defective.

21. Because predicate notices cannot be amended, this proceeding must be dismissed.

**AS FOR A SECOND DEFENSE: DEFECTIVE PETITION**
(Failure to accurately plead regulatory status of the subject premises)

22. A petition in a summary proceeding to recover real property must set forth the premises' regulatory status since the status may determine the scope of the parties' rights and defenses. A petition that fails to satisfy this requirement is defective and subject to dismissal. *Villas of Forest Hills Co. v. Lumberger*, 128 A.D.2d 701, 513 N.Y.S.2d 116, 118 (2nd Dept. 1987); *Caceres v. Golden*, NYLJ March 27, 1991, p. 25, col. 4 (App. Term, 2nd Dept.).

23. The purpose of the requirement of pleading specific regulatory schemes and Petitioner compliance with such schemes is to enable litigants and their attorneys to ascertain if there are potential defenses to the proceeding prior to being in court, and for the court to be able to properly adjudicate the proceeding. *See E. 168th St. Assocs. v. Castillo*, 679 N.Y.S.3d 485, 494 (Civ. Ct. N.Y. Cty. 2018).

FILED: KINGS CIVIL COURT - L&T 11/13/2023 11:02 AM  INDEX NO. LT-310498-23/KI
NYSCEF DOC. NO. 11                                                          RECEIVED NYSCEF: 11/13/2023

Case 1:25-cv-03679-NCM-CLP    Document 1-24    Filed 07/02/25    Page 13 of 16 PageID #: 197

24. Petitioner pleads that the subject building is exempt from rent stabilization. However, records available through ACRIS show the subject building and subject premises are subject to rent stabilization, contrary to Petitioner's claim. This proceeding is therefore fatally defective under RPAPL § 741 and it must be dismissed.

### AS FOR A THIRD DEFENSE: DEFECTIVE PETITION
(Failure to state facts upon which summary proceeding is based under )

25. Pursuant to Real Property Actions and Proceedings Law (RPAPL) § 741(4), a petition in a summary proceeding to recover real property must accurately state the facts upon which a summary proceeding is based. In the instant case, the Petition alleges that the subject premises are not subject to rent stabilization. However, records available through ACRIS show the subject building and subject premises are subject to rent stabilization, contrary to Petitioner's claim.

26. The Petition thus fails to accurately state the facts upon which this summary proceeding is based. It is fatally defective under RPAPL § 741(4) and it must be dismissed.

### AND AS FOR A FOURTH DEFENSE: DEFECTIVE PREDICATE NOTICE
(Failure to comply with notice requirements of federal CARES Act)

27. Pursuant to § 4024(c) of the federal CARES Act of 2020, the lessor of a so-called "covered dwelling" unit may not require a tenant to vacate the unit before a date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate. 15 USC § 9058(c).

28. A "covered dwelling" is a dwelling that is occupied by a tenant, with or without a lease, on or in a "covered property." 15 USC § 9058(a)(1). A property is covered by the CARES Act if it participates in any federal housing program.

29. In the instant case, the subject building is subject to a regulatory agreement between Petitioner and the U.S. Department of Housing and Urban Development (HUD) under

Section 236(e)(2) of the National Housing Act. The subject premises are also subject to the rules and regulations of the Department of Housing Preservation and Development Section 8 Housing Choice Voucher program, a federal program in which Respondent is a participant.

30. Because the subject building and premises fall under the aegis of the CARES Act due to Petitioner's participation in federal housing programs, Petitioner was required to provide Respondent with a 30-day predicate notice before commencing this proceeding. However, Petitioner instead provided a 14-day notice, running afoul of CARES Act requirements.

31. Because the predicate notice is defective and predicate notices cannot be amended, this proceeding is fatally defective and must be dismissed.

**AS FOR A FIRST AFFIRMATIVE DEFENSE: TENANT SAFE HARBOR ACT**
(Petition seeks arrears during covered period of Tenant Safe Harbor Act)

32. The Tenant Safe Harbor Act (TSHA) bars a landlord bringing summary proceeding to recover real property from obtaining a possessory judgment against a tenant who suffered a financial hardship due to the COVID-19 pandemic based on arrears accrued during the period between March 7, 2020 and January 15, 2022. L. 2020, ch. 127 § 1 (as amended L. 2021, ch. 417, § 2, Part D). A landlord in such a proceeding may only seek a money judgment for any arrears accrued during period. As Respondent suffered a financial hardship during the pandemic, she is covered by the protections of the TSHA.

33. The Petition seeks arrears beginning with the month August 2021 and running through March 2023. Because the months of August 2021 through and including January 2022 fall within the TSHA's "covered period," Petitioner cannot seek or obtain a possessory judgment based on nonpayment of rent for *those* months of alleged arears.

## AS FOR A SECOND AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM: BREACH OF WARRANTY OF HABITABILITY

(Failure to correct conditions dangerous or detrimental to life, health, or safety of tenants)

34. The lease between the parties contains a warranty, whether express or implied, that the premises are fit for human habitation and for the uses reasonably intended by the parties, and that the occupants of the premises shall not be subjected to any conditions that would be dangerous or detrimental to their life, health, or safety. RPL §235-b.

35. During the period of the alleged rent arrears in this non-payment proceeding, there existed in the subject premises conditions dangerous or detrimental to life, health, and safety. Upon information and belief, these conditions include the following:

   a. Leak in shower;

   b. Broken lights under microwave;

   c. Front door does not close properly.

36. Respondent has suffered injury by reason of Petitioner's breach of the warranty of habitability and is entitled to damages in an amount to be determined at trial.

37. This Court should also assess civil penalties against Petitioner due to its violation of the Housing Maintenance Code and failure to make repairs timely.

## AS FOR A SECOND COUNTERCLAIM: ORDER TO CORRECT

(Respondent entitled to order to remediate conditions in subject premises)

38. Respondent repeats and realleges paragraphs 35 through 36 as if stated herein.

39. By failing to make repairs and violating the warranty of habitability, Petitioner has created an environment that is dangerous to Respondent.

40. The conditions described in paragraphs 35 constitute a violation of the warranty of habitability; the Housing Maintenance Code; and other laws, codes, rules, and regulations concerning the maintenance and standards applicable to residential property.

41. Respondent is therefore entitled to an order to correct this condition.

### AND AS FOR A THIRD COUNTERCLAIM: ATTORNEYS' FEES
(Respondent entitled to attorneys' fees under RPL § 234)

42. Respondent repeats and realleges the matters set forth above as if fully set forth herein.

43. Pursuant to Real Property Law (RPL) § 234, Respondent is entitled to collect reasonable legal fees from Petitioner if successful in the instant proceeding.

44. Therefore, Respondent seeks reasonable attorneys' fees in an amount to be determined by the Court after trial.

**WHEREFORE**, Respondent respectfully requests that this Court issue an Order:

1. Dismissing the Petition in its entirety with prejudice;
2. granting Respondent the relief sought in her counterclaims;
3. awarding Respondent reasonable attorneys' fees, costs, and disbursements for this proceeding; and
4. granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*Raphael Pope-Sussman*

BROOKLYN LEGAL SERVICES
*Attorneys for Respondent*
BY: RAPHAEL POPE-SUSSMAN, ESQ.
Staff Attorney
105 Court Street, 4th Floor
Brooklyn, NY 11201
Tel.: 718-237-5523
Email: rapopesussman@lsnyc.org