***ROBERT L. ARLEO, ESQ. P.C.***
1345 Avenue of the Americas
2nd Floor
New York, N.Y.  10105

Telephone: (212) 551-1115                                       Fax: (518) 751-1801
Email: robertarleo@gmail.com

September 30, 2025

Honorable Natahsa C. Merle
District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: Prince v. Tivoli Bi, LLC, Stellar Management
Keevin Cullen and Cullen & Associates, P.C.
<u>19-cv-04654 (KAM)(VMS)</u>

Dear District Judge Merle:

   I represent Defendants Tivoli Bi, LLC and Stellar Management. I write to ask Your Honor to schedule a pre-motion conference as my clients seek permission to file a motion, pursuant to Fed. R. Civ. P. 12(b)(1), for the purpose of dismissing the Complaint for lack of Article III standing.

   The Complaint alleges that my clients violated New York General Business Law 349, NY Admin Code § 27-2004(a)(48)(d) and (g) and are also liable for negligence per se and gross negligence, all in connection with landlord/tenant proceedings which occurred in Kings County Housing Court. However, Plaintiff did not suffer any of the injury-in-fact required for Article III standing. Plaintiff did not pay any excess rent nor did she suffer any eviction. In an obvious attempt to create Article III standing, and with the understanding that allegations of emotional distress, embarrassment, and humiliation do not establish Article III standing, Plaintiff, in paragraph 44 of her Complaint, alleges that she spent $5.80 constituting subway fare for travel to Kings County Court. Attached herewith is a copy of the stipulation of settlement of the landlord/tenant petition, confirming that Plaintiff received a $500.00 credit towards her rent in exchange for withdrawing a motion for sanctions. The petition was discontinued, with prejudice. As a result, Plaintiff's subway fare was more than compensated by the rent credit. Thus, all that remains in her Complaint are garden-variety emotion distress damages.

   The New York state law claims against my clients are alleged supplemental to the claims of violation of the federal Fair Debt Collection Practices Act (FDCPA) against attorney Defendants Kevin Cullen and Cullen & Associates, P.C. There are numerous FDCPA decisions which confirm that emotional distress, such as embarrassment and humiliation, are insufficient to satisfy the injury-in-fact needed to establish Article III standing. *Papadimitriou v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 2023 WL 6385769, at *5 (E.D.N.Y. Sept. 29, 2023); *Hakobyan v.*

2

*Experian Info. Sols., Inc.*, 2024 WL 1468170, at *1 (E.D.N.Y. Apr. 4, 2024); *McKnight v. Receivable Collection Servs.*, *LLC*, 2024 WL 4266017 (E.D.N.Y. Sept. 23, 2024). The rationale in these cases applies to the New York state law claims advanced against my clients.

Dismissal for lack of constitutional standing is undertaken pursuant to Fed. R. Civ. P. 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 684 F.3d 787, 795, n. 2 (5th Cir. 2011). Rule 12(b)(1) provides that a case should be dismissed if the court does not possess subject matter jurisdiction. Subject matter jurisdiction fails if the plaintiff lacks Article III standing. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).Standing presents a "threshold jurisdictional question" in any suit filed in federal district court. *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 102 (1998). Article III of the Constitution limits the scope of federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. To establish standing, a plaintiff must show that: (1) she suffered an "injury in fact"; (2) the injury is "fairly traceable" to the challenged conduct; and (3) the injury is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). As the party invoking federal jurisdiction, the plaintiff bears the burden on each of these elements. *Id.* An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent. *Id.* at 1548. A "particular" injury is one that affects the plaintiff in a personal and individual way, while an injury satisfies the "concrete" requirement if it "actually exist[s]"—that is, the injury cannot be hypothetical or conjectural. *Id* at 1548.

As Your Honor knows, the decision rendered by the Supreme Court in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) has proven to be a death knell for many FDCPA claims. Therein, the Supreme Court ruled that Article III standing requires a concrete injury *even* in the context of a statutory violation. As Your Honor also knows, in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir 2021), the U.S. Court of Appeals for the Second Circuit properly adopted *TransUnion*. *Maddox* also confirms that emotional distress does not establish the injury-in-fact needed for Article III standing. *Maddox* is the second decision issued by the Second Circuit wherein *TransUnion* is cited, the first decision being *Bank v. United States Dep't of the Treasury*, 2021 WL 5022645 (2d Cir. Oct. 29, 2021).

*Maddox* and *Bank* confirm that *TransUnion* shows it does not matter the law upon which a claim is based. No concrete injury-in-fact, no Article III standing. Here, the Plaintiff has not suffered *any* concrete harm as a result of the allegations set forth in her Complaint. Thus, her Complaint must be dismissed for lack of standing.

Respectfully submitted

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
cc: All attorneys of record via ECF