# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

December 8, 2025

**VIA ECF**

Honorable Natasha C. Merle  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

  Re: Plaintiff's response to DE 46, Landlord Defendants' unilateral joint status letter.  
    *Prince v. Tivoli BI LLC et al.*, 1:25-cv-03679-NCM-CLP

Dear Judge Merle:

  The undersigned, along with co-counsel Brooklyn Legal Services, represents Plaintiff Lisa Prince in this action against Defendants Cullen & Associates, P.C., a debt collection law firm, and its principal Kevin Cullen ("the Attorney Defendants"); Tivoli BI, LLC, Ms. Prince's landlord and the plaintiff represented by the Attorney Defendants in multiple eviction lawsuits against Ms. Prince; and Mel Management Corp. d/b/a Stellar Management, the management company for Tivoli BI, LLC (together with Tivoli BI, LLC, "the Landlord Defendants.")

  The undersigned is writing to clarify the record regarding DE 46, Landlord Defendants' unilateral joint status letter. Based on the representation in the letter, on December 1 the Court issued an ECF Order stating, *inter alia*, "The Court notes plaintiff's failure to comply with this Court's order requiring a joint letter from the parties and warns plaintiff that failure to comply with the Court's order in the future may result in sanctions."

  On November 18, 2025 the Court held a hearing on the Landlord Defendants' letter for pre-motion conference to file a motion to dismiss. Towards the conclusion of the hearing the Court issued an oral order, See Exh A (Transcript of November 18 hearing) ("Transcript") pp. 15:14-16:18. The oral order is summarized in the November 18 ECF Order, "By November 25, 2025, the parties shall file a joint letter advising the Court whether they believe a settlement conference before the magistrate judge would be fruitful at this time."

  On November 25 the undersigned circulated a proposed joint letter. See Exh. B (Plaintiff's Proposed Joint Letter). All Parties agreed to the letter except that Landlord and Attorney Defendants each wanted to include a sentence stating that they wanted to proceed with a settlement conference. *See* Exh. C (November 25 email exchange), *inter alia* p. 5-6 (Counsel for Landlord Defendants: "Ahmad- The letter is fine with the addition that the sentence "The landlord Defendants ask for a settlement conference.")

The recollection of the undersigned was that "the parties were to indicate whether there was consensus [on] whether a settlement conference would be fruitful, without indicating the positions of the various parties," and, consequently "I would therefore request that our language remain." Exh C (emails) (p. 5).[1]

However, to reach consensus for the filing of the joint letter, the undersigned acceded to Defendants' request, and instructed his staff to include the language requested by Defendants and, for our own position, to insert the sentence, "Plaintiff does not believe a settlement conference would be fruitful at this juncture, but believes a mediation at some point prior to the close of discovery may fruitful." Exh. C (emails) p. 1.

However, counsel for Landlord Defendants objected to the inclusion of this single sentence stating the position of Plaintiff and refused to discuss the issue further, ending further discussion of what was supposed to be a joint letter. Exh. C. p. 1 ("I do not consent to this proposed sentence Ahmad, you are attempting to foreclose the position of the Defendants as to settlement. I am done with the emails.")

Subsequently, counsel for Landlord Defendants unilaterally filed a letter strongly implying the undersigned obstructed attempts to file a joint letter. *See* DE 46 (November 26 Status Letter of Landlord Defendants) ("One of Plaintiff's counsel, Ahmad Keshavarz, then caused an extensive email exchange because he does not want to engage in settlement attempts at the present time.")

The undersigned did not intend to respond to the letter of the Landlord Defendants. However, the letter obviously left a misimpression with the Court that Plaintiff was being obstructionist given the strongly worded December 1 ECF Order ("The Court notes plaintiff's failure to comply with this Court's order requiring a joint letter from the parties and warns plaintiff that failure to comply with the Court's order in the future may result in sanctions.")

The undersigned is committed to focus on the merits of the case and not get distracted by process issues. Plaintiff has been clear that discovery is needed – and should be quickly provided – for settlement discussions to be fruitful. At that point, mediation may be fruitful and Plaintiff would press for the same. *See* Exh. A (transcript), pp. 12:15-13:8.[2]  Today is the deadline the magistrate has ordered for the Parties to answer the initial set of discovery demands. Hopefully Defendants will provide fully responsive answers and documents to begin the discovery process in earnest so that we can have a fruitful mediation prior to the close of discovery.

Respectfully,
/s/
Ahmad Keshavarz

---

[1] Incidentally, the subsequently purchased transcript of the hearing confirmed the recollection of the undersigned. The Court: "So by November 25th, please let me know in a joint letter whether you want to be referred to the magistrate judge. You don't have to tell me if one party wants to and another party doesn't. I don't need to know that. Just let me know if the parties are willing to be referred to the [magistrate judge] at this time." Exh. A (Transcript) p. 16.

[2] Keshavarz: "I think what we'd ask the Court is for the defendants to turn over quickly, even before deadlines to respond that we have discovery, to give up the evidence. It doesn't do us any good to throw a dart against the dartboard. So the quickest way to resolve this is to not give us a wall [of] attorney-client privilege objections and blacked out documents. To cut to the chase, let's put the facts on the table and then let's go to mediation. But to do it in the dark, it's not going to be helpful at all from plaintiff's point of view." Exhibit A (Transcript) pp. 12:23-13:08.

Enclosures

    A. Transcript Hearing of November 11 hearing.
    B. Plaintiff's Proposed Joint Letter of November 25.
    C. Email chain of November 25.

cc: all counsel via ECF