March 13, 2026

<u>VIA ECF</u>

Honorable Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>**Re: Joint Discovery Status Report and letter for an informal discovery conference pursuant to Individual Practice Rule III A 2**

Dear Judge Cross-Goldenberg:

The undersigned submit the following Joint Discovery Status Letter and letter for an informal discovery conference pursuant to Individual Practice Rule III A 2.

**<u>Plaintiff's Position</u>**

Plaintiff served her discovery demands on Defendants on November 3, 2026 and still awaits a complete production. At a February 17, 2026 meet & confer, Plaintiff identified five issues with Defendants' discovery responses. In brief, these were: incomplete email production, failure to provide emails in native format, assertion of attorney-client privilege by the Attorney Defendants, missing accounting documents, and missing interrogatory responses from Attorney Defendants. The same five issues were raised at the February 25, 2026 conference with Judge Levy. Since that conference, one of the issues has been resolved, as Attorney Defendants provided their interrogatory responses earlier this week.

The parties met & conferred again on March 11, 2026, in effort to resolve the outstanding discovery issues, as well as a few additional issues which have since arose. As indicated below, the parties were able to reach agreement as to several, but not all of these issues. <u>Where the parties were unable to reach agreement, Plaintiff asks the Court to order Defendants to cure the defect by a date certain.</u> To the degree the Parties have reached an agreement, Plaintiff asks the Court to so-order the same.

1. <u>Privilege.</u> Attorney Defendants have redacted a number of documents based on an assertion of attorney client but have not provided a privilege log.

>   <u>Agreement:</u> Landlord Defendants indicated that they are communicating with their client and that they believe they will be able to instruct Attorney Defendants to remove 85-90% of the redactions by the end of the week, or March 13. The Attorney Defendants will produce a Privilege Log for remaining redactions by March 16.

2. Accounting Documents.

>Plaintiff's view.
>Landlord Defendants have not provided all documents in their possession related to billing or accounting, including: monthly letters from Stellar seeking a balance; monthly invoices or billing statements from Stellar; or receipts reflecting payments Ms. Prince has made.
>
>Plaintiff agreed to give Landlord Defendants until March 10 to provide these documents.. On March 13, Landlord Defendants produced four ledgers.
>
>Defendants' view.
>Landlord Defendants have produced four (4) separate ledgers which demonstrate how the amounts owed were calculated in response to Plaintiff's demand for additional documents after Landlord Defendants responded to Plaintiff's requests for production of documents. Landlord Defendants await Plaintiff's discovery responses to determine if Plaintiff already has those documents related to billing and accounting which she claims Landlord Defendants have not produced.
>
>Disagreement: Plaintiff asks the Court to order Landlord Defendants to turn over the remaining documents by a date certain.

3. Production of responsive emails.  Counsel for Attorney Defendants indicated at a previous meet and confer that the Attorney Defendants have produced all responsive emails that were previously printed and contained in the Attorney Defendants' physical files concerning the subject apartment, but that the Attorney Defendants' search for additional emails maintained in electronic form is ongoing.

>Agreement: Attorney Defendants agreed to complete their search and produce any additional responsive, non-privileged emails by March 27.  The Attorney Defendants will also update their privilege log to account for any additional emails that may be redacted or withheld on privilege grounds.

4. Emails in their native format.  Defendants have produced pdf copies of emails. Plaintiff seeks production of non-privileged emails in their native format.

>Plaintiff's View:
>The undersigned notes that asserts, in at least two prior FDCPA lawsuits, emails produced in their native format disclosed additional information important to the case that was not revealed in a printed email, such as attachments or text that were stripped away when emails were forwarded, third-parties who were sent a "bcc" copy, thus waiving privilege, and more. Indeed, the issue was so important that the Parties included in their Initial

Conference Questionnaire [Dkt. No. 33 ¶ 13][1] a requirement that emails would be produced in their native format. Plaintiff will produce all non-privileged emails in native format.

Defendants' View.
Defendants have always been willing to produce non-privileged, responsive emails in native format upon a showing of need, which Plaintiff has made no attempt to articulate with respect to any email produced thus far. The generalized concerns raised by Plaintiff in the above summary (which supposedly stem from past litigation against different parties represented by different counsel) have nothing to do with the production of emails in native versus pdf format, but rather the responding parties' intentional or negligent failure to produce all non-identical emails, with attachments.

Regrettably, the language used in the Initial Conference Questionairre was imprecise and did not accurately reflect the parties' actual agreement on native format production. In an action like this, where the majority of responsive emails necessarily contain privileged communications between and among the Attorney Defendants and Landlord Defendants, and between and among Plaintiff and her counsel, requiring the production of any email in native format without a showing of need is pointless.

Disagreement: Defendants have not agreed to produce non-privileged emails in their native format absent a showing of need by Plaintiff. Plaintiff asks the Court to order Defendants to make this production by a date certain. Defendants ask the Court to confirm that the parties are only required to produce non-privileged responsive emails in native format, upon a showing of need by the requesting party. Landlord Defendants ask the Court to accept the emails given already in PDF form.

5. <u>Documents that may have been destroyed.</u> In their interrogatory responses, Attorney Defendants stated that they did not yet know whether any responsive documents had been destroyed or otherwise no longer exist ("missing documents").

Agreement: Attorney Defendants stated that they are continuing to search for the longstanding written retainer agreement between the Attorney Defendants and the Landlord Defendants and an FDCPA-compliance procedure document previously prepared by outside counsel. The Landlord Defendants have asserted privilege with respect to the retainer agreement. By March 27, the Attorney Defendants will either produce these documents or add them to their privilege log if the documents are located, or amend their interrogatory responses to reflect that the documents have been lost.

---

[1] 13. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference. <u>Yes. Emails and other electronic docs need to be produced in their native formats, as well as in PDF or hard copy.</u>

6. <u>Depositions.</u>

    <u>Plaintiff's View</u>: Plaintiff seeks deposition dates for Defendant Kevin Cullen and for Lorna Blackmon on behalf of the Landlord Defendants. Plaintiff first requested deposition dates on December 9. During March 11's meet and confer, Plaintiff asked for the witnesses' availability during the week of April 6 and April 20, respectively. Plaintiff is glad to have her deposition taken shortly after the depositions of Defendants, which were first sought on December 9. The depositions should occur no later than April given the amount of time that has passed since the requests were made and those are the best two weeks for counsels for Plaintiff.

    <u>Defendants' View:</u> Counsel for the Attorney Defendants is willing to produce Mr. Cullen for a deposition as early as April 21, 22 or 23, and to take Plaintiff's deposition within two weeks thereafter, so long as Plaintiff fully responds to the Defendants' outstanding discovery requests by March 27. Plaintiff has produced nothing to date and has had the benefit of the Defendants' combined document production of over 900 pages since January. It is unreasonable for Plaintiff to insist upon dates certain for depositions without regard for her own written discovery responses.

    Landlord Defendants do not oppose producing Lorna Blackmon as requested by Plaintiff. Landlord Defendants incorporate by reference Defendant Cullen's position regarding deposition scheduling conditioned upon Plaintiff responding to Defendants' outstanding discovery demands.

**<u>Defendants' Position</u>**

    The Landlord Defendants and Attorney Defendants served their respective discovery requests on Plaintiff on January 12, 2026 and January 20, 2026 and have agreed to multiple extensions sought by Plaintiff. Given Plaintiff's desire to set fixed dates for depositions in April, and a fixed date for the completion of the Defendants' document productions in March, Defendants sought a fixed date for Plaintiff to complete her own responses during the meet and confer call on March 11. Plaintiff offered only vague assurances of a rolling production over the next two weeks.

    <u>Agreement:</u> Plaintiff agrees to respond to Defendants' discovery requests and produce all associated documents by March 27.

Respectfully submitted,


/s/ Kailyn Gaines_____
Kailyn Gaines
Samar Katnani
Brooklyn Legal Services- Tenant Rights Coalition
1709 St Marks Ave, 2nd Floor
Brooklyn, NY 11233
718-233-6418
kgaines@lsnyc.org


Ahmad Keshavarz

THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Fl.
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

*Attorneys for Plaintiff*


 / s / Robert L. Arleo
Robert L. Arleo, Esq.
Robert L. Arleo, Esq. P.C.
1345 Avenue of the Americas, 2nd Fl.
New York, New York  10105
212-551-1115
robertarleo@gmail.com
Attorny for Landlord Defendants
_____


/s/ Adam M. Marshall_____
Adam M. Marshall, Esq.
Kaufman Dolowich LLP
*Attorneys for Defendants*
*Cullen & Associates, P.C. and Kevin Cullen*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
amarshall@kaufmandolowich.com

**Certificate of Conference**

      I met and conferred with opposing counsels in good faith to avoid the necessity of obtaining the relief requested in this application without court action, but those attempts failed.

      Plaintiff served her discovery demands on Defendants on November 3, 2026 and still awaits a complete production.  At a February 17, 2026 meet & confer, Plaintiff identified five issues with Defendants' discovery responses.  In brief, these were: incomplete email production, failure to provide emails in native format, assertion of attorney-client privilege by the Attorney Defendants, missing accounting documents, and missing interrogatory responses from Attorney Defendants.  The same five issues were raised at the February 25, 2026 conference with Judge Levy.  Since that conference, one of the issues has been resolved, as Attorney Defendants provided their interrogatory responses earlier this week.  The parties met and conferred again on March 11, 2026.

      Co-counsel emailed opposing counsels on December 9, 2025 asking for dates for the deposition of Defendants, and for Lora Blackman and employee for Stellar Management. Counsel for Landlord Defendants state he would check with his clients; counsel for Attorney Defendants did not respond. We raised the issue of dates certain for the week of April 6 (for Cullen) and week of for depositions of Defendants but they would not agree to dates certain at this time,

Brooklyn, March 13, 2026
      /s/
      Kailyn Gaines