July 15, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    Joint Discovery Status Report**
> **Prince v. Tivoli BI, LLC, et al.**
> **Case No. 1:25-cv-3679 (ncm)(pcg)**

Dear Judge Cross-Goldenberg:

The undersigned attorneys for Plaintiff Lisa Prince ("Plaintiff"), Defendants Tivoli BI LLC and Mel Management Corp. d/b/a Stellar Management (collectively, the "Landlord Defendants") and Defendants Cullen & Associates, P.C. and Kevin Cullen (collectively, the "Attorney Defendants") submit the following Joint Discovery Status Letter.

**Plaintiff's Position**

Plaintiff remains concerned about Defendants' production and engagement with the discovery process.

Counsel for Plaintiff and counsel for the Attorney Defendants drafted and signed a joint status report in May, as ordered during the April discovery conference. This report was not filed because counsel for the Landlord Defendants did not respond to emails asking him to review and sign the report.

Plaintiff was scheduled to take the deposition of a 30(b)(6) witness for Tivoli Bi LLC and Stellar Management on June 11, 2026. The morning of the deposition, counsel for the Landlord Defendants' indicated that the witness was unavailable due to a workplace emergency. The deposition was rescheduled for July 9, 2026, the earliest date all parties were available.

The deposition proceeded on July 9, but the designated witness was unprepared to testify as to nearly half of the topics which were listed in the deposition notice. He testified that he did not do any independent preparation or review of the topics, nor did counsel instruct him to so prepare. As the corporate representative was unable to testify to the noticed topics, which concern the Landlord's actions and decision-making, Plaintiff left this deposition open.

Testimony during this deposition confirmed Plaintiff's concerns about Landlord Defendants' production. Plaintiff is concerned that (1) Landlord Defendants have produced no

internal communications among themselves (without counsel) concerning Ms. Prince or her unit; and that (2) Landlord Defendants have produced no invoices or billing statements which were sent to Ms. Prince. During the deposition, the witness testified that he had never searched his email for messages regarding Ms. Prince, nor was he aware of anyone with Stellar being asked to search their emails. The witness also testified to the existence of a management system called "Yardi" which contains files on each tenant. To Plaintiff's knowledge, Landlord Defendants have not produced any records from this system.

Plaintiff sent a second round of discovery demands to Landlord Defendants on July 15, 2026, seeking the information referenced in the deposition.

Plaintiff was scheduled to take the deposition of Landlord Witness Lorna Blackman on July 27, 2026 and the deposition of Defendant Kevin Cullen on August 3, 2026; she noticed these depositions on June 24, 2026. However, through the preparation of this joint letter, Plaintiff learned that **neither Defendant plans to produce their witnesses on these dates**. Lorna Blackman was previously employed by Landlord Defendants; it wasn't until the deposition of the 30(b)(6) witness that Plaintiff learned that Ms. Blackman no longer works for Stellar Management. It is unclear whether Ms. Blackman was employed by Stellar at the time her deposition was noticed. Nonetheless, if Landlord Defendants maintained that Ms. Blackman was not properly served, they are still obligated to provide Plaintiff with contact information for service of process.

Plaintiff has additionally noticed the depositions of Landlord Witnesses Francine Schiff and Jessica Seepersad on August 24, 2026. Landlord Defendant has stated that it will not produce Ms. Seepersad.

Given Defendants' lack of cooperation with the scheduling of depositions, Plaintiff is unsure when she will be able to complete depositions. Previously, she anticipated completing depositions by the end of September.

Plaintiff will provide verified interrogatory responses by July 24, 2026. She will oppose the Attorney Defendant's request for an informal discovery conference on the discovery issue described below in the letter which the parties will submit this Friday.

### Defendants' Position

The Attorney Defendants will be submitting a separate joint letter pursuant to Local Rule 37.2 requesting an informal discovery conference concerning Plaintiff's ongoing failure to supplement her interrogatory and document responses as previously agreed, and to produce a privilege log. The Attorney Defendants' portion of that joint letter was provided to Plaintiff's counsel this afternoon. The letter will be filed by Friday, July 17, 2026.

In short, Plaintiff agreed during a May 20, 2026 meet and confer call to produce a variety of documents and information that was omitted from the initial responses Plaintiff served on April

2

16, 2026, together with a privilege log.  The previous *unfiled* joint status report cited by Plaintiff's counsel memorialized that agreement.  However, as of the filing of this report, many of the requested items remain outstanding.  Even more troubling is Plaintiff's refusal to provide a privilege log for an unknown number of withheld documents that Plaintiff previously conceded are relevant.  Plaintiff's conduct should be deemed a waiver of asserted privileges.

As for depositions, the Attorneys Defendants are unable to produce Mr. Cullen on the noticed date of August 3, 2026 due to Mr. Cullen's work and pre-planned travel schedule.  The Attorney Defendants are committed to working constructively to schedule Mr. Cullen's deposition for September, before Plaintiff is deposed.  The precise timing of Plaintiff's deposition may depend on when her doctors produce medical records.  Plaintiff produced HIPAA releases for the individual doctors on July 1, 2026.

The Landlord Defendants incorporate by reference each of the issues concerning Plaintiff's discovery responses which are raised by the Attorney Defendants.

Otherwise, and as evidenced by Plaintiff's unnecessary references to the prior joint status letter, and to the fact that the 30(b)(6) witness suffered an emergency which precluded his appearance at the initial deposition, Plaintiff's attorneys are simply engaging in attacks designed to impugn Defendants and their counsel.

Plaintiff's attorney incorrectly allege that the Landlord Defendants' 30(b)(6) witness was unprepared for his deposition. Plaintiff's attorneys seem to believe that, simply because they list a topic in a deposition notice, information on that topic will be available. More troubling is the conduct of Plaintiff's counsel at the outset of the deposition and at the end of the deposition. At the outset, Plaintiff's counsel engaged in a long line of unnecessary questions which were solely hypothetical based upon how the deponent would perceive and answer a particular question posed to him. These questions had noting to do with the topics set forth in the notice and were designed solely to obtain admissions to questions which were not yet asked. Towards the end of the deposition, Plaintiff's counsel then continued to ask the same questions over and over, which were already asked and answered, in a manner clearly intended to harass, bully and intimidate the deponent, and then admonished the deponent to answer yes or no to questions to which he could not answer yes or no, hoping to get admissions where none were made.

In regard to Plaintiff's complaints about the Landlord Defendants' document production and the allegation that the 30(b)(6) witness did not search for documents. Landlord Defendants have produced mounds of documents in response to Plaintiff's request for production. The witness was advised to be prepared to provide testimony on those documents which Plaintiff introduced as exhibits at the deposition. Yet, incredibly, Plaintiff's attorneys did not introduce any documents as exhibits at the deposition to serve as a basis for posing questions to the witness.

Perhaps most troubling is a statement made by one of Plaintiff's attorneys who thought she was not being heard. After a break, the deponent came back to the Zoom video while he was

3

driving back to his office. After it was agreed that the deposition would wait until the deponent had returned to his office, one of Plaintiff's attorneys stated loud enough to be heard "What a loser!". In sum, Plaintiff's attorneys should be warned that the federal discovery devices are not an invitation to egage in "gotcha!", bullying and harassing litigation tactics, nor should they engage in unprofessional and insulting personal ad hominem attacks.

Landlord Defendants are unable to locate former employee Lorna Blackman so Landlord Defendants will not be producing her for a deposition on July 27th as noticed. Plaintiff will have to locate Ms. Blackman on her own and serve a subpoena upon her to appear for a deposition. In regard to the notice to depose Jessica Seepersad. Although she works at the building where Plaintiff resides she started working there in 2024 thus her knowledge concerning Plaintiff and her allegations is limited. Landlord Defendants will produce Francine Shiff as noticed.

Respectfully submitted,

_____

Kailyn Gaines
Samar Katnani
Brooklyn Legal Services- Tenant Rights Coalition
1709 St Marks Ave, 2nd Floor
Brooklyn, NY 11233
718-233-6418
kgaines@lsnyc.org

/ s / Robert L. Arleo
Robert L. Arleo
Robert L. Arleo, Esq. P.C.
1345 Avenue of the Americas
2nd Floor
New York, New York 10105
212-551-1115
robertarleo@gmail.com

/s/ Adam M. Marshall
Adam M. Marshall
Kaufman Dolowich LLP
Attorneys for Defendants
Cullen & Associates, P.C. and Kevin Cullen
135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
516-283-8731
amarshall@kaufmandolowich.com

4