# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LISA PRINCE,

                  Plaintiff,

      -against-

TIVOLI BI LLC; MEL MANAGEMENT
CORP., d/b/a STELLAR MANAGEMENT;
CULLEN & ASSOCIATES, P.C.; and
KEVIN CULLEN,

                  Defendants.
-------------------------------------------------------X

Case No. 1:25-cv-3679 (NCM)(RML)

**THE CULLEN DEFENDANTS'**
**FIRST SET OF INTERROGATORIES**

Defendants Cullen & Associates, P.C. and Kevin Cullen, by their attorneys Kaufman

Dolowich LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

answer the following Interrogatories in writing, under oath, within thirty (30) days:

## DEFINITIONS

1.      The terms "You," "Your," and "Plaintiff" shall mean Plaintiff Lisa Prince.

2.      The term "Cullen Defendants" shall mean Defendants Cullen & Associates, P.C. and

Kevin Cullen.

3.      The term "Landlord Defendants" shall mean Defendants Tivoli Bi LLC and Mel

Management Corp. d/b/a Stellar Management.

4.      The term "Defendants" shall mean the Cullen Defendants and Landlord Defendants.

5.      The term "BLS" shall mean Brooklyn Legal Services.

6.      The term "Keshavarz" shall mean the Law Office of Ahmad Keshavarz.

7.      The term "HPD" shall mean the New York City Department of Housing Preservation

& Development.

1

8.    The term "Health Care Provider" shall mean a person who provides care, services or supplies related to the health of an individual, including, but not limited to, preventative, diagnostic, rehabilitative, maintenance, or palliative care, and counseling, service, assessment, or procedure with respect to the physical or mental condition, or functional status, of an individual or that affects the structure or function of the body.

9.    The term "Apartment" shall mean Apartment 28L at 49-57 Crown Street, Brooklyn, New York 11225.

10.    The term "Action" shall mean above-captioned lawsuit filed under Case No. 1:25-cv-3679 in the U.S. District Court for the Eastern District of New York.

11.    The term "Amended Complaint" shall mean Your First Amended Complaint in the Action, dated October 3, 2025.

12.    The term "2024 Lawsuit" shall mean the proceeding titled, _Tivoli Bi LLC v. Prince_, Index No. LT-320098-24/KI, referenced in paragraph "38" of the Amended Complaint.

13.    The term "2017 Lawsuit" shall mean the proceeding titled, _Tivoli Bi LLC v. Lee_, Index No. LT-51168/2017, referenced in paragraph "32" of the Amended Complaint.

14.    The term "2016 Lawsuit" shall mean the proceeding titled, _Tivoli Bi LLC v. Lee_, Index No. LT-01576-16/KI, referenced in paragraph "28" of the Amended Complaint.

15.    The term "HPD Proceedings" shall mean the administrative proceedings before HPD referenced in paragraphs "30" through "35" of the Amended Complaint.

16.    The term "Disabilities" shall mean the "mobility, blood pressure and heart-related disabilities" referenced in paragraph "62" of the Amended Complaint.

17.     The term "Chronic Conditions" shall mean the chronic conditions, including high blood pressure, arthritis and heart conditions, referenced in paragraph "63" of the Amended Complaint.

18.     The term "Distress Conditions" shall mean the physical and emotional conditions You attribute to the Defendants' conduct, referenced in paragraphs "58" through "68" of the Amended Complaint.

19.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule 34(a), including, without limitation, "documents or electronically stored information" or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

20.     "Identify":

a)      when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number (if no present business address and telephone number is known, then present or last known home address), occupation, job title or description, any present or former relationship to any of the parties to this action and the person's years of employment and, if the person is in ailing health, any information about the person's condition.  This definition is synonymous in meaning and equal in scope to the usage of this term in Local Rule 26.3(c)(3).

b)      when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization (e.g., partnership, corporation, etc.), and present or last known address of its principal place of business; and

c)      when used in reference to a document, means to state the type of document (e.g., letter, memorandum, contract, telegram, insurance policy, etc., or some other appropriate description), the title, date, serial number or other identifying numbers thereon, the document's general subject matter, its author or authors, each author's affiliation, the addressee or addressees of the document and their affiliations, and the identity of each person having possession, custody or control of the document or any copy thereof.

21.     "Communication" means the transmittal of information.

3

22.     "Person" shall mean any natural person, business, legal or governmental entity or association.

23.     "Custodian" refers to any person having possession, custody and/or control of the item(s) described.

24.     "Concerning" means relating to, referring to, referencing, regarding, discussing, describing, evidencing, explaining, analyzing, constituting, containing, dealing with, defining, reflecting, setting forth, stating, summarizing or in any way pertaining to the subject matter of the Interrogatory.

25.     The terms "all" and "each" shall be construed as all and each.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

27.     The singular of any word used herein shall be deemed to include the plural, and the plural shall include the singular.

28.     The present tense of any word used herein shall be deemed to include the past tense, and the past tense shall include the present tense.

29.     Each term or word not otherwise defined herein shall be defined according to its usual and customary dictionary definition.

## INSTRUCTIONS

1.     Each Interrogatory requires an answer based upon the knowledge of, and information available to, Plaintiff.

2.     These Interrogatories are to be answered, under oath, fully, completely and separately. If any Interrogatory cannot be answered fully, the portion(s) that cannot be answered should be

4

identified, with the reason said portion cannot be answered, and the remainder of the Interrogatory is to be answered. If You do not have all of the information that You need to make a complete response to any Interrogatory, provide all of the information that You do have and state that Your information is incomplete; and, in addition, in regard to any incomplete response, identify the information You would need to make a complete response and provide a supplemental response when You obtain more information.

3.    If You object to any Interrogatory or part thereof on the basis of any claimed privilege or protection, identify the privilege or protection claimed, as well as each statement or communication for which such privilege or protection is claimed, and provide, pursuant to Fed. R. Civ. P. 26(b)(5), the following information:

       a)    The date of the statement or communication;

       b)    The author and all addressees and recipients of the statement or communication;

       c)    The names of all persons present during the statement or communication or to whom the statement or communication was made available;

       d)    The subject matter of the statement or communication;

       e)    The location or custodian of documents concerning the statement or communication; and

       f)    The factual basis on which the privilege or protection is claimed.

4.    For each Interrogatory, identify each person providing information for the response, and identify the individuals who are the most knowledgeable about the subject matter of the Interrogatory. If an Interrogatory requires that You identify a document, provide all of the information required under Federal Rule 33(d).

5.    If any document that would have been responsive to an Interrogatory has been destroyed or discarded, identify the document and state also:

a)      The date on which the document was destroyed or discarded;

b)      The reason for the destruction or discard; and

c)      The person authorizing and/or carrying out such destruction or discard.

6.      The answers to these Interrogatories shall be signed, under oath, by the person(s) who answered them.

7.      These Interrogatories are continuing in nature, and You are required to amend or supplement Your response if You later become aware of facts that indicate a response was incorrect or incomplete, pursuant to Fed. R. Civ. P. 26(e).

8.      Unless otherwise specified, the applicable time period for each Interrogatory is January 1, 2016 through the present.

## INTERROGATORIES

1.      Identify all persons with whom You have resided.

2.      Identify all Your social media accounts.

3.      Identify all civil actions to which You have been a party.

4.      Identify all persons with whom You communicated concerning the 2024 Lawsuit.

5.      Identify all persons with whom You communicated concerning the Action.

6.      Identify all persons with whom You communicated concerning the Distress Conditions.

7.      Identify all persons who observed You experiencing the Distress Conditions.

8.      Identify all Health Care Providers who treated You for the Distress Conditions.

9.      Identify all Health Care Providers who treated You for the Disabilities since September 1, 2023.

6

10.     Identify all Health Care Providers who treated You for the Chronic Conditions since September 1, 2023.

11.     Set forth each item of "monetary damages" You attribute to the Defendants' conduct, as alleged in paragraph "59" of the Amended Complaint, including the specific dollar amount for each item.

Dated:  Woodbury, New York
        January 20, 2026

                                          KAUFMAN DOLOWICH LLP

                            By:     _____
                                          Brett A. Scher, Esq.
                                          Adam M. Marshall, Esq.
                                          *Attorneys for Defendants*
                                          *Cullen & Associates, P.C. and Kevin Cullen*
                                          135 Crossway Park Drive, Suite 201
                                          Woodbury, New York 11797
                                          (516) 681-1100


To:     Ahmad Keshavarz, Esq.
        The Law Office of Ahmad Keshavarz
        *Attorneys for Plaintiff*
        16 Court Street, Suite 2600
        Brooklyn, NY 11241
        (718) 522-7900
        ahmad@newyorkconsumerattorney.com
        (Via Electronic Mail)

        Kailyn Gaines, Esq.
        Brooklyn Legal Services
        *Attorneys for Plaintiff*
        1709 St. Marks Ave., 2nd Floor
        Brooklyn, NY 11233
        (718) 233-6418
        kgaines@lsnyc.org
        (Via Electronic Mail)

7

Robert L. Arleo, Esq.
Robert L. Arleo, Esq., P.C.
*Attorneys for Defendants*
*Tivoli Bi, LLC and Stellar Management*
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
(212) 551-1115
robertarleo@gmail.com
(Via Electronic Mail)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LISA PRINCE,

                Plaintiff,

    -against-

TIVOLI BI LLC; MEL MANAGEMENT
CORP., d/b/a STELLAR MANAGEMENT;
CULLEN & ASSOCIATES, P.C.; and
KEVIN CULLEN,

                Defendants.
-------------------------------------------------------X

Case No. 1:25-cv-3679 (NCM)(RML)

**THE CULLEN DEFENDANTS'
FIRST REQUESTS FOR
<u>PRODUCTION OF DOCUMENTS</u>**

Defendants Cullen & Associates, P.C. and Kevin Cullen, by their attorneys Kaufman

Dolowich LLP, request that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

Plaintiff produce the following at the office of the undersigned counsel within thirty (30) days:

<u>DEFINITIONS</u>

The following definitions shall apply to the Requests set forth herein:

1.     The terms "You," "Your," and "Plaintiff" shall mean Plaintiff Lisa Prince.

2.     The term "Cullen Defendants" shall mean Defendants Cullen & Associates, P.C. and

Kevin Cullen.

3.     The term "Landlord Defendants" shall mean Defendants Tivoli Bi LLC and Mel

Management Corp. d/b/a Stellar Management.

4.     The term "Defendants" shall mean the Cullen Defendants and Landlord Defendants.

5.     The term "BLS" shall mean Brooklyn Legal Services.

6.     The term "Keshavarz" shall mean the Law Office of Ahmad Keshavarz.

7.     The term "HPD" shall mean the New York City Department of Housing Preservation

& Development.

1

8.     The term "Health Care Provider" shall mean a person who provides care, services or supplies related to the health of an individual, including, but not limited to, preventative, diagnostic, rehabilitative, maintenance, or palliative care, and counseling, service, assessment, or procedure with respect to the physical or mental condition, or functional status, of an individual or that affects the structure or function of the body.

9.     The term "Apartment" shall mean Apartment 28L at 49-57 Crown Street, Brooklyn, New York 11225.

10.    The term "Action" shall mean above-captioned lawsuit filed under Case No. 1:25-cv-3679 in the U.S. District Court for the Eastern District of New York.

11.    The term "Amended Complaint" shall mean Your First Amended Complaint in the Action, dated October 3, 2025.

12.    The term "2024 Lawsuit" shall mean the proceeding titled, Tivoli Bi LLC v. Prince, Index No. LT-320098-24/KI, referenced in paragraph "38" of the Amended Complaint.

13.    The term "2017 Lawsuit" shall mean the proceeding titled, Tivoli Bi LLC v. Lee, Index No. LT-51168/2017, referenced in paragraph "32" of the Amended Complaint.

14.    The term "2016 Lawsuit" shall mean the proceeding titled, Tivoli Bi LLC v. Lee, Index No. LT-01576-16/KI, referenced in paragraph "28" of the Amended Complaint.

15.    The term "HPD Proceedings" shall mean the administrative proceedings before HPD referenced in paragraphs "30" through "35" of the Amended Complaint.

16.    The term "Disabilities" shall mean the "mobility, blood pressure and heart-related disabilities" referenced in paragraph "62" of the Amended Complaint.

17.    The term "Chronic Conditions" shall mean the chronic conditions, including high blood pressure, arthritis and heart conditions, referenced in paragraph "63" of the Amended Complaint.

2

18. The term "Distress Conditions" shall mean the physical and emotional conditions You attribute to the Defendants' conduct, referenced in paragraphs "58" through "68" of the Amended Complaint.

19. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, "documents or electronically stored information" or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

20. "Identify":

a) when used in reference to a natural person, means to state the person's full name, present or last known home address and telephone number (if no present business address and telephone number is known, then present or last known home address), occupation, job title or description, any present or former relationship to any of the parties to this action and the person's years of employment and, if the person is in ailing health, any information about the person's condition.

b) when used in reference to a corporation, partnership, or any legal entity other than a natural person, means to state its full name, form of organization (e.g., partnership, corporation, etc.), and present or last known address of its principal place of business; and

c) when used in reference to a document, means to state the type of document (e.g., letter, memorandum, contract, telegram, insurance policy, etc., or some other appropriate description), the title, date, serial number or other identifying numbers thereon, the document's general subject matter, its author or authors, each author's affiliation, the addressee or addressees of the document and their affiliations, and the identity of each person having possession, custody or control of the document or any copy thereof.

21. "Communication" means the transmittal of information.

22. "Person" shall mean any natural person, business, legal or governmental entity or association.

23. "Custodian" refers to any person having possession, custody and/or control of the item(s) described.

3

24. "Concerning" means relating to, referring to, referencing, regarding, discussing, describing, evidencing, explaining, analyzing, constituting, containing, dealing with, defining, reflecting, setting forth, stating, summarizing or in any way pertaining to the subject matter of the Request.

25. The terms "all" and "each" shall be construed as all and each.

26. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

27. The singular of any word used herein shall be deemed to include the plural, and the plural shall include the singular.

28. The present tense of any word used herein shall be deemed to include the past tense, and the past tense shall include the present tense.

29. Each term or word not otherwise defined herein shall be defined according to its usual and customary dictionary definition.

## **INSTRUCTIONS**

1. Each Request calls for all documents and things that are within the possession, custody or control of You, regardless of whether such documents and things are possessed directly by You, or by any of Your present or former employers, partners, associates, staff, agents, representatives, attorneys, accountants, or any other person acting on Your behalf or under the direction or control of Your, Your attorneys or Your agents.

2. Each Request, and any portion thereof, is to be responded to separately, but responses to one document request, or any portion thereof, may be incorporated by reference in responses to any other document request, or a portion thereof.

4

3.  Each Request, whether for memoranda, reports, letters, minutes or other documents of any description, requires the production of the document in its entirety, including all pages, attachments, exhibits or appendices, cover letters, transmittals sheets, etc., without redaction or expurgation.

4.  Each Request requires the production of all non-identical copies of a document. Any alteration of a document, including, but not limited to, any handwriting, underlining, highlighting, stamps, drafts, revisions, or modifications, is a separate and distinct document and must be produced.

5.  Documents produced in response to each Request should be produced as they are kept in the usual course of business.

6.  If any document covered by these Requests is withheld from production on the basis of an alleged privilege or the alleged applicability of the work product doctrine, You shall provide a privilege log, together with the following information, pursuant to Fed. R. Civ. P. 26(b)(5): (a) the type of document; (b) the date of the document; (c) the name of its author(s), addressee(s), and recipient(s) of the document and their title and employment, and, where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to one another; (d) the name of each additional person who was sent the document or in any way received or viewed the document or had custody of the document; (e) the number of pages of the document; (f) the identity of any enclosure(s) or attachment(s); (g) the subject matter of the document; and (h) a statement of the basis for the claim of privilege upon which the document has been withheld. If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. In the case of any document concerning a meeting or any other conversation, all those present, whether or not as participants, are to be identified.

5

7. If any document covered by these Requests has been destroyed, deleted, or otherwise disposed of, You shall provide the following information identifying: (a) each such document; (b) its author(s), and addressee(s); (c) each person to whom copies of the document were furnished or to whom the contents thereof were communicated; (d) a summary of the substance of the document; (e) the person or program that destroyed, deleted, or otherwise disposed of the document; (f) the date upon which the document was destroyed, deleted, or otherwise disposed of; and (g) the reason the document was destroyed, deleted, or otherwise disposed of.

8. If any document covered by these Requests is currently not available, include a statement to that effect and furnish whatever documents are available. Include in Your statement, when such documents were most recently in Your possession or subject to Your control, what disposition was made of them, and identify by name, job title and last known business address each person currently in possession or control of such document(s).

9. If You record, utilize or maintain any of the data, materials, documents, or portions of the contents of the documents that are responsive to a Request in any computer-readable format or machine-readable format (hereinafter, "electronically stored communications"), then You must produce the data, materials, documents, or portions of documents in hardcopy. In the event that such electronically stored communications are not viewable in hardcopy format, You must produce such electronically stored communications on the same variety of computer-readable or machine-readable format and on the same variety of transferable storage medium on or in which they regularly records, utilizes or maintains the information, along with written identification of the applicable software, formats and versions needed to view the data.

11. The past tense shall be construed to include the present tense and *vice versa* to make the Requests inclusive rather than exclusive.

12.    The singular shall be construed to include the plural and *vice versa* to make the Requests inclusive rather than exclusive.

13.    These Requests are continuing in nature and prompt, further and supplemental production, without any further request, must be made if You locate or obtain possession, custody or control or knowledge of the location of additional documents at any time prior to trial herein.

14.    The Cullen Defendants reserve the right to review the originals of any of the documents produced, as well as their right to request the production of additional documents in the future.

15.    Unless otherwise specified, the Requests do not include documents served or filed in the Action.

16.    Unless otherwise specified, the applicable time period for each Request is January 1, 2016 through the present.

## REQUESTS

1.    Communications between You and the Cullen Defendants concerning:

(a) the Apartment;
(b) the 2024 Lawsuit;
(d) the 2017 Lawsuit;
(e) the 2016 Lawsuit; and
(f) the HPD Proceedings.

2.    Communications between You and the Landlord Defendants concerning:

(a) the Apartment;
(b) the 2024 Lawsuit;
(d) the 2017 Lawsuit;
(e) the 2016 Lawsuit; and
(f) the HPD Proceedings.

3.    Communications between You and HPD concerning:

(a) the Apartment;
(b) the 2024 Lawsuit;
(d) the 2017 Lawsuit;

7

(e) the 2016 Lawsuit;
(f) the HPD Proceedings;
(g) the Landlord Defendants; and
(h) the Cullen Defendants.

4.    Communications between You and members of Your family concerning:

(a) the Apartment;
(b) the 2024 Lawsuit;
(d) the 2017 Lawsuit;
(e) the 2016 Lawsuit;
(f) the HPD Proceedings;
(g) the Landlord Defendants; and
(h) the Cullen Defendants.

5.    Communications between You and BLS, between September 1, 2023 and July 2, 2025, concerning:

(a) the Apartment;
(b) the 2024 Lawsuit;
(d) the 2017 Lawsuit;
(e) the 2016 Lawsuit;
(f) the HPD Proceedings;
(g) the Landlord Defendants; and
(h) the Cullen Defendants.

6.    Communications since September 1, 2023 between You and any person, including but not limited to Health Care Providers and family members, concerning:

(a) the Disabilities;
(b) the Chronic Conditions; and
(c) the Distress Conditions.

7.    Documents concerning the communications described in Request Nos. 1-6, including but not limited to notes You and other persons created.

8.    Retainer agreements or engagement letters between You and BLS concerning the 2024 Lawsuit and this Action.

9.    Retainer agreements or engagement letters between You and Keshavarz concerning the 2024 Lawsuit and this Action.

8

10.     Documents demonstrating all "monetary damages" You allegedly sustained as a result of Defendants' conduct, including the subway fare charges referenced in paragraph "59" of the Amended Complaint.

11.     Documents demonstrating whether You suffered from the Disabilities since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.

12.     Documents demonstrating whether You suffered from the Chronic Conditions since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.

13.     Documents demonstrating whether You suffered from the Distress Conditions since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.

14.     Documents concerning treatment You received from Health Care Providers for the Distress Conditions, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.

15.     Executed medical authorization forms compliant with HIPAA, for the release of Your medical records concerning any diagnoses, scans, reports, prescriptions or treatments identified in Your responses to Request Nos. 11 through 14.

16.     Social media postings made by You since September 1, 2023.  This includes, but is not necessarily limited to, Your posts on any personal Facebook, Instagram, TikTok, and X (formerly Twitter) account.

17.     Documents, other than those produced in response to Request Nos. 1 through 17, that demonstrate the actual damages You sustained as a result of Defendants' conduct.

9

Dated: Woodbury, New York
      January 20, 2026

                                                    **KAUFMAN DOLOWICH LLP**

By:                            

Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
*Cullen & Associates, P.C. and Kevin Cullen*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

To:     Ahmad Keshavarz, Esq.
The Law Office of Ahmad Keshavarz
*Attorneys for Plaintiff*
16 Court Street, Suite 2600
Brooklyn, NY 11241
(718) 522-7900
ahmad@newyorkconsumerattorney.com
(Via Electronic Mail)

Kailyn Gaines, Esq.
Brooklyn Legal Services
*Attorneys for Plaintiff*
1709 St. Marks Ave., 2nd Floor
Brooklyn, NY 11233
(718) 233-6418
kgaines@lsnyc.org
(Via Electronic Mail)

Robert L. Arleo, Esq.
Robert L. Arleo, Esq., P.C.
*Attorneys for Defendants*
*Tivoli Bi, LLC and Stellar Management*
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
(212) 551-1115
robertarleo@gmail.com
(Via Electronic Mail)