# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LISA PRINCE,

                Plaintiff,

          -against-

TIVOLI BI LLC; MEL MANAGEMENT
CORP., d/b/a STELLAR MANAGEMENT;
CULLEN & ASSOCIATES, P.C.; and
KEVIN CULLEN,

              Defendants.
-------------------------------------------------------X

Case No. 1:25-cv-3679 (NCM)(RML)

## PLAINTIFF'S ORIGINAL ANSWERS TO CULLEN DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

Plaintiff serves the above referenced discovery instrument to the above referenced parties

by and through said party's counsel as indicated in the certificate of service below.

              Respectfully submitted,

              _____
              Kailyn Gaines
              Samar Katnani
              Brooklyn Legal Services- Tenant Rights Coalition
              1709 St Marks Ave, 2nd Floor
              Brooklyn, NY 11233
              718-233-6418
              kgaines@lsnyc.org

              Ahmad Keshavarz
              THE LAW OFFICES OF AHMAD KESHAVARZ
              16 Court St., 26th Fl.
              Brooklyn, NY 11241-1026
              Phone: (718) 522-7900
              Fax: (877) 496-7809 (toll-free)
              Email: ahmad@NewYorkConsumerAttorney.com

Last saved: 4/16/2026 5:19 PM           1

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the parties listed below via email:


Defendants Cullen & Associates, P.C. and Kevin Cullen
By and through their attorneys of record
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

Defendants Cullen & Associates, P.C. and Kevin Cullen
By and through their attorneys of record
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100


Date:   April 16, 2026
        Brooklyn, NY

/s/
Kailyn Gaines

## PLAINTIFF'S ORIGINAL ANSWERS TO CULLEN DEFENDANTS FRIST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

**Identify all persons with whom You have resided.**

Objection, the request has not limitation in time, seeking information not relevant to is relevant to any party's claim or defense.

Subject to these objections, and without waiving the same Plaintiff states:

Plaintiff currently resides with her daughter, Bria Prince. She previously resided with her sister, Joyce Lee, and her nephew, Christian Lee.

### INTERROGATORY NO. 2:

**Identify all Your social media accounts.**

Plaintiff objects in that this request is not relevant to any party's claim or defense. Plaintiff objects in that this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This request is intended to and certainly has the effective of being harassing and invading the privacy of Plaintiff.

Instagram: @oneeye-patch

### INTERROGATORY NO. 3

**Identify all civil actions to which You have been a party.**

Plaintiff objects in that this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The request is also overbroad in that it is not limited in time or scope.

As to the lawsuits filed by Defendants, this includes:

As to the lawsuits filed by Defendants, this includes:

- LT-01576-16/KI, Tivoli Bi LLC v. Christian Lee

- LT-51168-17/KI, Tivoli Bi LLC v. Christian Lee and Lisa Prince

- LT-320098-24/KI, Tivoli Bi LLC v. Lisa Prince

**<u>INTERROGATORY NO. 4</u>**

**Identify all persons with whom You communicated concerning the 2024 Lawsuit.**

Objection overbroad and indefinite. Subject to this objection, and without limiting the same, other than communications regarding legal advice, Plaintiff states:

See Initial Disclosures and any amendments thereto.

**<u>INTERROGATORY NO. 5</u>**

**Identify all persons with whom You communicated concerning the Action.**

Objection overbroad and indefinite. Subject to this objection, and without limiting the same, other than communications regarding legal advice, Plaintiff states:

See Initial Disclosures and any amendments thereto.

**<u>INTERROGATORY NO. 6</u>**

**Identify all with whom You communicated concerning the Distress Conditions.**

Objection overbroad and indefinite. Subject to this objection, and without limiting the same, other than communications regarding legal advice, Plaintiff states:

See Initial Disclosures and any amendments thereto.

**<u>INTERROGATORY NO. 7</u>**

**Identify all persons who observed You experiencing the Distress Conditions.**

Other than communications those persons regarding legal advice, Plaintiff states:

The same individuals identified in the Initial Disclosures and any amendments thereto observed Plaintiff experiencing the Distress Conditions.

**<u>INTERROGATORY NO. 8</u>**

**Identify all Health Care Providers who treated You for the Distress Conditions.**

Dr. Salman Haq, Dr. Saka Kazeem, Dr. Zinod Patel, and Dr. Roosevelt Cherubian.

**<u>INTERROGATORY NO. 9</u>**

**Identify all Health Care Providers who treated You for the Disabilities since September 1, 2023.**

Dr. Salman Haq, Dr. Saka Kazeem, Dr. Zinod Patel, and Dr. Roosevelt Cherubian.

**<u>INTERROGATORY NO. 10</u>**

> **Identify all Health Care Providers who treated You for the Chronic Conditions since September 1, 2023.**

Dr. Salman Haq, Dr. Saka Kazeem, Dr. Zinod Patel, and Dr. Roosevelt Cherubian.

## INTERROGATORY NO. 11

> **Set forth each item of "monetary damages" You attribute to the Defendants' conduct, as alleged in paragraph "59" of the Amended Complaint, including the specific dollar amount for each item.**

See initial disclosures and any amendments thereto.

## PLAINTIFF'S ORIGINAL ANSWERS TO CULLEN DEFENDANTS FRIST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO.1**

**Communications between You and the Cullen Defendants concerning:**

**(a) the Apartment;**
**(b) the 2024 Lawsuit;**
**(d) the 2017 Lawsuit;**
**(e) the 2016 Lawsuit; and**
**(f) the HPD Proceedings.**

To be produced under a separate cover.

**REQUEST NO. 2**

**Communications between You and the Landlord Defendants concerning:**

**(a) the Apartment;**
**(b) the 2024 Lawsuit;**
**(d) the 2017 Lawsuit;**
**(e) the 2016 Lawsuit; and**
**(f) the HPD Proceedings**

To be produced under a separate cover.

**REQUEST NO. 3**

**Communications between You and HPD concerning:**

**(a) the Apartment;**
**(b) the 2024 Lawsuit;**
**(c) the 2017 Lawsuit;**
**(d) the 2016 Lawsuit;**
**(e) the HPD Proceedings;**
**(f) the Landlord Defendants; and**
**(g) the Cullen Defendants.**

Plaintiff does not believe she is in possession of responsive documents, but if she is she will produce under a separate cover.

Last saved: 4/16/2026 5:19 PM                                             6

**REQUEST NO. 4**

> **Communications between You and members of Your family concerning:**
>
> **(a) the Apartment;**
> **(b) the 2024 Lawsuit;**
> **(d) the 2017 Lawsuit;**
> **(e) the 2016 Lawsuit;**
> **(f) the HPD Proceedings;**
> **(g) the Landlord Defendants; and**
> **(h) the Cullen Defendants.**

Plaintiff does not believe she is in possession of responsive documents, but if she is she will produce records responsive to 4(b), if any, under separate cover.

 Otherwise, Plaintiff objects in that this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The requests impermissibly seek to invade the privacy of Plaintiff and non-party family members. The purpose and certainly to effect of these demands are to annoy and harass Plaintiff and her non-Party family members.

**REQUEST NO. 5**

> **Communications between You and BLS, between September 1, 2023 and July 2, 2025, concerning:**
>
> **(a) the Apartment;**
> **(b) the 2024 Lawsuit;**
>  **(d) the 2017 Lawsuit;**
>  **(e) the 2016 Lawsuit;**
>  **(f) the HPD Proceedings;**
>  **(g) the Landlord Defendants; and**
>  **(h) the Cullen Defendants.**

Plaintiff objects as the documents requested are covered by Attorney-Client and work product privileges.

**REQUEST NO. 6**

> **Communications since September 1, 2023 between You and any person, including but not limited to Health Care Providers and family members, concerning:**
>
> **(a) the Disabilities;**

**(b) the Chronic Conditions; and**
**(c) the Distress Conditions**.

Plaintiff objects in that this request is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  The requests impermissibly seek to invade the privacy of Plaintiff and non-party family members. The purpose and certainly to effect of these demands are to annoy and harass Plaintiff and her non-Party family members.

Subject to and without waiving the same Plaintiff will produce communications with medical providers related to the damages she is seeking in this action.

## REQUEST NO. 7

**Documents concerning the communications described in Request Nos. 1-6, including but not limited to notes You and other persons created.**

This request makes no sense. A document concerning a document?

To the degree this request is related to request for production 1 – 6, Plaintiff incorporates her responses and objections listed above.

## REQUEST NO. 8

**Retainer agreements or engagement letters between You and BLS concerning the 2024 Lawsuit and this Action.**

As to the 2024 Lawsuit, this is not an instance where which Plaintiff is seeking as damages in this FDCPA action the attorney's fees or costs accrued in the underlying collection action. Consequently, Plaintiff objects in that this request is not relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the discovery in resolving the issues.

As to this Action, to the degree this request is as to fees sought to be recovered under the fee shifting provisions sought in the Complaint, including the FDCPA, then Plaintiff objects to fee record production as premature. Attorney's fees and costs are only recoverable, if at all, if the consumer prevails on the trial on the merits under a statute that allows for the recovery of the same.  *See* Fed. R. Civ. P. 54. At that point – post-trial – fee records become relevant as plaintiff would be entitled to make a fee petition. Prior to that time, however, the documents and the information are not relevant or reasonably calculated to lead to the discovery of relevant information. *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645 (N.D.Cal. 2006) (defendants' motion to compel production of time records and retainer denied) (FDCPA case); *Bank v. Pentagroup Financial, LLC*, No. 08-cv-5293 (JG)(RML), 2009 WL 1606420, fn 6 (E.D.N.Y. June 9, 2009) ("defendant's counsel has moved for an order permitting discovery relating to plaintiff's attorney's fee claim… That application is denied. Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature.) (FDCPA case); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982); *In re Horn*, 976 F.2d 1314 (9th Cir. 1992); *Staton v. Boeing Co*., 327 F.3d 938, 968 (9th Cir. 2003).

## REQUEST NO. 9

**Retainer agreements or engagement letters between You and Keshavarz concerning the 2024 Lawsuit and this Action.**

Keshavarz has no retainer agreement or engagement letters with Ms. Prince regarding the Action.

As to this action, to the degree this request is as to fees sought to be recovered under the fee shifting provisions sought in the Complaint, including the FDCPA, then Plaintiff objects to fee record production as premature. Attorney's fees and costs are only recoverable, if at all, if the consumer prevails on the trial on the merits under a statute that allows for the recovery of the same. *See* Fed. R. Civ. P. 54. At that point – post-trial – fee records become relevant as plaintiff would be entitled to make a fee petition. Prior to that time, however, the documents and the information are not relevant or reasonably calculated to lead to the discovery of relevant information. *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645 (N.D.Cal. 2006) (defendants' motion to compel production of time records and retainer denied) (FDCPA case); *Bank v. Pentagroup Financial, LLC*, No. 08-cv-5293 (JG)(RML), 2009 WL 1606420, fn 6 (E.D.N.Y. June 9, 2009) ("defendant's counsel has moved for an order permitting discovery relating to plaintiff's attorney's fee claim… That application is denied. Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature.) (FDCPA case); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982); *In re Horn*, 976 F.2d 1314 (9th Cir. 1992); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

## REQUEST NO. 10

**Documents demonstrating all "monetary damages" You allegedly sustained as a result of Defendants' conduct, including the subway fare charges referenced in paragraph "59" of the Amended Complaint.**

Plaintiff will produce responsive documents under a separate cover.

## REQUEST NO. 11

**Documents demonstrating whether You suffered from the Disabilities since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information. To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

Subject to and without waiving the above objection, Plaintiff will produce medical documents previously provided to courts, agencies or Defendants. Plaintiff will also provide signed medical release forms.

**REQUEST NO. 12**

> **Documents demonstrating whether You suffered from the Chronic Conditions since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information. To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

Subject to and without waiving the above objection, Plaintiff will produce medical documents previously provided to courts, agencies or Defendants. Plaintiff will also provide signed medical release forms.

**REQUEST NO. 13**

> **Documents demonstrating whether You suffered from the Distress Conditions since September 1, 2023, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information. To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

Subject to and without waiving the above objection, Plaintiff will produce medical documents previously provided to courts, agencies or Defendants. Plaintiff will also provide signed medical release forms.

**REQUEST NO. 14**

> **Documents concerning treatment You received from Health Care Providers for the Distress Conditions, including but not necessarily limited to medical records, written diagnoses and prescriptions for medication.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information. To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

Subject to and without waiving the above objection, Plaintiff will produce medical documents previously provided to courts, agencies or Defendants.  Plaintiff will also provide signed medical release forms.

## REQUEST NO. 15

> **Executed medical authorization forms compliant with HIPAA, for the release of Your medical records concerning any diagnoses, scans, reports, prescriptions or treatments identified in Your responses to Request Nos. 11 through 14.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information.  To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

Plaintiff will provided signed medical authorization forms.

## REQUEST NO. 16

> **Social media postings made by You since September 1, 2023. This includes, but is not necessarily limited to, Your posts on any personal Facebook, Instagram, TikTok, and X (formerly Twitter) account.**

Plaintiff objects to this request as overbroad in time and scope and seeking information not relevant nor reasonably tailed to lead to the discovery of relevant information.  To the extent there is any de minimis relevance of the request to any party's claim or defense, it is not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit and further needlessly seeks to invade Plaintiff's privacy.

## REQUEST NO. 17

> **Documents, other than those produced in response to Request Nos. 1 through 17, that demonstrate the actual damages You sustained as a result of Defendants' conduct.**

Plaintiff will produce documents responsive to this request under separate cover.