# EXHIBIT "D"

May 28, 2026

**<u>VIA ECF</u>**

Honorable Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Joint Discovery Status Report**

Dear Judge Cross-Goldenberg:

The undersigned met & conferred on May 20, 2026 and now submit the following Joint Discovery Status Letter.

**<u>Plaintiff's Position</u>**

Plaintiff will supplement her discovery responses by June 3, 2026 in response to concerns raised by Defendants.

As to the receivables listed throughought this letter which Defendants have agreed to provide but which they have not provided a date certain to do so, Plaintiff seeks an order for them to do so by June 3, 2026, the same date Plaintiff has agreed to provide her amended answers.[1]
Plaintiff raised the following concerns to Defendants during the meet & confer:

1. Whether landlord defendants have internal communications among themselves (without counsel) concerning Ms. Prince or her unit which have not been disclosed.
2. Whether landlord defendants are in possession of the invoices and billing statements sent to Ms. Prince, or if they were based on a template.
3. Whether any intake forms exist.

Defendants indicated that they would speak to their clients about the above, and if responsive documents exist, they will produce. They have not provided a date certain for responses. Plaintiff withdraws, without prejudice, the request to produce emails in their native format given the Attorney Defendants' recent amended email production.

Plaintiff also notes that Defendants did not comply with the Court's order to "update the privilege log and provide an updated response on what specific documents were searched for and

---

[1] This request does not apply to the items the Court has already ordered Defendants to provide by May 6, 2026. Defendants have not complied with the order.

could not be recovered on or before May 6, 2026." Defendants have not provided a date certain by which they will provide this log and the list of documents which could not be recovered.

Landlord Defendants have indicated that they will certify that their document production is complete and that they have turned over all of the responsive documents in their possession, custody or control.

Plaintiff will take the deposition of the corporative representative(s) of the Landlord Defendants on June 11, 2026. Plaintiff aims to take additional depositions on July 8, 9, 10 or 14; Defendants are checking to confirm the availaibity of Lorna Blackmon and Kevin Cullen on these dates. Depositions in this case will likely continue into August. Plaintiff's deposition will be taken at a date and time agreed on by the parties after Plaintiff concludes with Defendants depositions. Plaintiff will provide a privilege log to the degree necessary.

### **Defendants' Position**

As noted above, Plaintiff has represented that she will remedy the deficiencies in her discovery responses that were first raised by Defendants on April 23, 2026.[2]

The deliverables due from Plaintiff by June 3, 2026 include: (1) a verification for Plaintiff's interrogatory responses; (2) an itemization of the monetary damages Plaintiff alleges she sustained as a result of Defendants' actions; (3) documents demonstrating all such monetary damages; (4) documents demonstrating Plaintiff's other alleged actual damages; (5) the retainer agreement between Plaintiff and Brooklyn Legal Services ("BLS") concerning the 2024 Lawsuit described in the Complaint; (6) Plaintiff's social media posts since September 1, 2023; (7) executed HIPAA authorizations for the release of her medical records by individual doctors who treated Plaintiff for various conditions alleged in the Complaint;[3] and (8) a privilege log.[4]

There remains a potential discovery dispute concerning disclosure of the retainer agreements between Plaintiff and BLS, and between Plaintiff and the Law Office of Ahmad Keshavarz, with respect to this action. Plaintiff has so far refused to disclose even *the dates* of those agreements, which are not privileged and may undercut Plaintiff's assertion that she was genuinely fearful of being locked out of the subject apartment at any moment. Defendants will evaluate whether motion practice is necessary once Plaintiff supplements the balance of her discovery responses and produces a privilege log.

---

[2] Defendants sought a prompt meet and confer in April, but Plaintiff's counsel was unavailable.

[3] Plaintiff has represented that she is not in possession of any medical records, or even communications, substantiating any of her alleged medical or stress-related conditions from September 1, 2023 forward.

[4] Unlike Defendants, who produced privileged materials in redacted form, Plaintiff has withheld an untold number of responsive documents in their entirety.

Turning to the "concerns" cited by Plaintiff, Defendants note that Plaintiff made no attempt to raise any such issues until 5:02 pm on May 19, 2026, when counsel were scheduled to meet and confer at 11:00 am the following day concerning *Plaintiff's* deficient discovery responses.

The Landlord Defendants are continuing to review the Attorney Defendants' last email production to determine which redactions for privilege and work product, if any, may be removed. Defendants will endeavor to complete that process by May 30, 2026, and produce the updated privilege log, along with the formal amended document responses listing the two documents that the Attorney Defendants already informed Plaintiff they could not locate.

Respectfully submitted,

*/s/Kailyn Gaines*
Kailyn Gaines
Samar Katnani
Brooklyn Legal Services- Tenant Rights Coalition
1709 St Marks Ave, 2nd Floor
Brooklyn, NY 11233
718-233-6418
kgaines@lsnyc.org

/s/ Adam M. Marshall
Adam M. Marshall
Kaufman Dolowich LLP
Attorneys for Defendants
Cullen & Associates, P.C. and Kevin Cullen
135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
516-283-8731
amarshall@kaufmandolowich.com