August 31, 2026

**VIA ECF**

Honorable Peggy Cross-Goldenberg
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Joint Letter for Motion to Compel**
**Prince v. Tivoli BI, LLC, et al.**
**Case No. 1:25-cv-3679 (ncm)(pcg)**

Dear Judge Cross-Goldenberg:

Pursuant to Local Rule 37.2 and this Court's Individual Rules, the undersigned attorneys for Plaintiff Lisa Prince ("Plaintiff") submit this joint letter together with Defendants Tivoli BI LLC and Mel Management Corp. d/b/a Stellar Management (collectively, the "Landlord Defendants") and Defendants Cullen & Associates, P.C. and Kevin Cullen (collectively, the "Attorney Defendants").[1]

At the September 2, 2026 discovery conference, Plaintiff seeks an order compelling (1) the dates certain listed below, including the Attorney Defendants on September 18 and the Landlord Defendants on September 10; (2) the continued of the Land Defendants's 30(b)(6) deposition with a witness who is prepared to testify as to the topics about which the earlier witness was unprepared; (3) for Defendants to answer Plaintiff's outstanding second set of discovery demands

**Background**

Plaintiff Lisa Prince, a disabled Crown Heights resident, brought this action against her landlord, Tivoli Bi LLC and Mel Management Corp. d/b/a Stellar Management ("Landlord Defendants"), and her landlord's attorneys, Cullen & Associates, P.C. and Kevin Cullen ("Attorney Defendants" and, together with Landlord Defendants, "Defendants"), in July 2025. Ms. Prince moved into her rent-stablized apartment at Tivoli Towers in 2014 to care for her disabled nephew after her sister died. For nearly a decade, Defendants refused to provide her

[1] Plaintiff's counsel sent a copy of this joint letter to Defendants's counsel on Wednesday, August 26, asking for their input by end of day Thursday, August 27. (Ex. A, August 26 Email). Defendants did not respond to that email nor did they make any edits. Plaintiff provided Defendants the courtesy of waiting to file this letter until Monday, August 31 in case Defendants needed more time. But as of Monday, August 31, Plaintiff still has not heard back from Defendants.

nephew or Ms. Prince with a lease and recognize their tenancy rights. At the same time, they billed Ms. Prince for rent and filed multiple housing court actions and administrative proceedings seeking to collect this money and evict Ms. Prince from her home.

In September 2023, the landlord finally recognized Ms. Prince's tenancy, entered into a Housing Assistance Program contract with the New York State Housing Development and Preservation, and began accepting her Section 8 rent payments. Ms. Prince additionally paid her share in full each month. However, in July 2024, Defendants filed a nonpayment proceeding against Ms. Prince in Kings County Housing Court that alleged that she had not paid her rent from September 2023 through May 2024. Both Ms. Prince and the undersigned contacted Defendants to inform Defendants that the money was not owed. Still, Defendants maintained the action against Ms. Prince for nearly a year. In June 2025, Defendants finally discontinued the case by stipulation, acknowledging that Ms. Prince had paid the rent sought and that the amount was not due and owing.

Ms. Prince filed this lawsuit against Defendants in July 2025. She alleges that Attorney Defendants violated the Fair Debt Collection Practices Act by filing a lawsuit which sought to collect an amount which was not owed. Against all Defendants, she brings claims under New York General Business Law § 349(a), New York Judiciary Law § 487 and claims for negligence per se and gross negligence. She additionally brings harassment claims in violation of NY Admin Code § 27-2004(a)(48)(d) and (g) against the Landlord Defendants.

**Discovery Status**

*Noticed Depositions*

Discovery in this case commenced in November 2025. Though Plaintiff has formally noticed five depositions since May, Plaintiff has only been able to take one, partial deposition to date.

On May 19, 2026, Plaintiff sent Defendants a deposition notice for Landlord Defendants' 30(b)(6) witness. (Ex. B, Landlord 30(b)(6) Deposition Notice #1). This deposition was originally scheduled for June 11, 2026. The morning of the deposition, counsel for the Landlord Defendants' indicated that the witness was unavailable due to a workplace emergency. The deposition was rescheduled for July 9, 2026, the earliest date all parties were available. As discussed below, it is Plaintiff's view that the 30(b)(6) deposition remains incomplete as the witness was unprepared to testify to multiple of the noticed topics.

On June 24, 2026, Plaintiff noticed the deposition of Landlord Defendant Lorna Blackman on July 27, 2026. (Ex. C, Lorna Blackman Deposition Notice). Defendants did not respond to this notice. Plaintiff had let Defendants know that she intended to depose Ms. Blackman, the Property Manager during the commencement of the July 2024 nonpayment case, as early as April 2026. However, during the July 9 deposition of the Landlord Defendants' 30(b)(6) witness, the

witness stated that, as of late June 2026, Ms. Blackman no longer worked with Stellar Management. Landlord Defendants have not provided an address for this witness or availability for this deposition.

Plaintiff also noticed the deposition of Defendant Kevin Cullen on June 24, 2026 for August 3, 2025. (Ex. D, Kevin Cullen Deposition Notice #1). During the preparation of the July status letter, Attorney Defendants informed Plaintiff that they would not be producing Kevin Cullen on the August 3 date. Attorney Defendants did not provide a reason for this refusal. On August 10, 2026, Plaintiff again noticed the depositionof Defendant Kevin Cullen, this time for September 18 at 10AM. (Ex. E, Kevin Cullen Deposition Notice #2). Counsel for Landlord Defendants has confirmed his availability. Counsel for Defendant Kevin Cullen has not confirmed his availability, nor has he confirmed that he will produce the witness on this dates.

On July 15, 2026, Plaintiff noticed the depositions of Landlord Defendants' witnesses Francine Schiff and Jessica Seepersad for August 24, 2026 at 9AM and 1PM, respectively. (Ex. F, Francine Schiff Deposition Notice; Ex. G, Jessica Seepersad Deposition Notice). Landlord Defendants refused to produce Jessica Seepersad, stating that she has only limited knowledge of the subject premises. They agreed to produce Francine Schiff and the parties agreed to conduct this deposition in the morning of August 24. On August 10, Plaintiff reached out to Defendants to move this deposition to the afternoon of August 24. For the first time, counsel for the Attorney Defendants stated that he was unavailable on this date, except for two hours in the afternoon. Later, on August 21, counsel fo Landlord Defendants also stated that he was unavailable to produce Ms. Schiff on August 24. Defendants have not provided their availability for this deposition.

*30(b)(6) Witness*

Plaintiff has been able to conduct one sole deposition since beginning to notice depositions in May 2026. Plaintiff noticed a deposition of a 30(b)(6) witness to Landlord Defendants that contained 21 topics about which Landlord Defendants were to directed to Stellar is directed to designate a corporate representative to testify on its behalf. (Ex. H, Landlord 30(b)(6) Deposition Notice #2).

Landlord Defendants designated Arianat Jakupaj as their 30(b)(6) witness. As noted above, the deposition was taken on July 9, 2026 and began at approximately 10:53AM after a series of technical difficulties. (*See* Ex. I, Transcript of Arianat Jakupaj Deposition). A break was taken around 12:45PM, after which, at 1:45PM, the witness rejoined the deposition while driving his car. As that was not appropriate or acceptable, the parties left and then rejoined again once the witness was at his office at 2:25PM. The deposition eventually ended at 3:52PM. The majority of this time was taken by the witness stating that he did not have knowledge about the questions asked.

At the end of the deposition, Plaintiff made it clear that she intended to keep the 30(b)(6) deposition open.

*Subsequent and Outstanding Document Demands*

During the course of Mr. Jakupaj's deposition, Plaintiff learned of new facts that suggest that Landlord Defendants' disclosures to Plaintiff's initial demands were not comprehensive nor complete. Plaintiff learned that there are physical files that are kept both at the Landlord Defendants' main office in Manhattan, and others that are kept onsite at the subject premises. Plaintiff also learned that there is an electronic filing system called Yardi, in which all types of documents should have been maintained. Lastly, Mr. Jakupaj testified that rent bills are generated and sent by a third party bank, a fact that had not come up previously in all of the conferences between the parties about the lack of financial records and rent ledgers disclosed by Landlord Defendants.

As a result, Plaintiff propounded a second set of demands on July 15, 2026, which were due on August 14, 2026. Defendants have not yet provided a response to these demands.

**Plaintiff's Position**

*Refusal to Abide by Deposition Notices*

Defendants have repeatedly thwarted the discovery process by refusing to abide by deposition notices sent well in advance of the scheduled date. Of course, Plaintiff understands that scheduling conflicts occur, especially in the summer. On numerous occasions, Plaintiff has reached out to Defendants to ask their availability for depositions. Defendants, particularly Attorney Defendants, have refused to respond to these requests. Attorney Defendants have also refused to provide alternative dates for depositions that they have not been able to attend.

Defendants' actions have only prolonged a discovery process, which has now been ongoing for nearly ten months. Plaintiff is entitled to take the depositions of the witnesses whose depositions she has noticed. Defendants should not be permitted to further delay resolution of this case by refusing to make their witnesses available. Even in drafting this motion Plaintiff has asked for dates certain for deposition but Defendants still refuse to provide.

***Relief requested:*** Plaintiff seeks an order compelling depositions of Attorney Defendants on Septemeber 18; Landlord 30(b)(6) witness on September 10 at 1:00 PM; and Francine Schieff on September 11.[2] These depositions have all been noticed.

[2] Lorna Blackman, a non-party former employee for the Landlord Defendants, will be subpoenad for deposition on September 14, and Defendants have raised no objection to the timing of the deposition. As such, no order is needed as to the deposition of Ms. Blackman.

*Landlord Defendants' Unprepared 30(b)(6) Witness*

Plaintiff also seeks an order compelling a continued 30(b)(6) deposition at which Landlord Defendnant must produce a fully competent and prepared 30(b)(6) witness.

As per Federal Rule of Civil Procedure 30(b)(6), the witness designated to testify on behalf of an entity "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "Rule 30(b)(6) deponents must be both knowledgable about a given area and prepared to give complete and binding answers on behalf ot the organization for which they speak." Hotels, LLC v. Williams-Sonoma, Inc., 19 CV 226 (ILG)(CLP), 2022 WL 2702378, at *10 (E.D.N.Y. Feb. 11, 2022) (citing Rahman v. The Smith & Wollensky Rest. Grp., Inc., No. 06 CV 6198, 2009 WL 773344, at *1, marks omitted). "[I]f witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the entity is obligated to prepare them so that they may give knowledgable answers." Harger Da Silva v. New York City Transit Auth., 17 Civ. 4550 (FB)VMS), 2023 WL 8096925, at *3 (E.D.N.Y. Nov. 20, 2023) (*citing* Bigsby v. Barclays Cap. Real Est., Inc., 329 F.R.D. 78, 80-81 (S.D.N.Y. 2019)). "As is oft repeated, producing an unprepared witness is tantamount to failure to appear." Hotels, 2022 WL 2702378, at *1) (citing Rahman, 2009 WL 773344, at *1, marks omitted).

The Landlord Defendants' 30(b)(6) witness, Arianat Jakupaj, was unprepared to testify as to one third of the 21 depostition topics noticed by Plaintiff. See Exhibit B, Notice of Deposition topics 13-21. Over and over again, the witness testified that he had not reviewed any documents or prepared himself to testify as to many of topics listed in the notice Specifically, he was not able to testify, inter alia, on the following topics:

- #13- the decision to file the nonpayment lawsuit and send the bills and ledgers;
- #14- the decision as to how much money should be alleged due in the lawsuit and bills;
- #15- the decision to sue Ms. Prince even though she had paid her rent;
- #16- how much the Attorney Defendants were paid;
- #17- the identify of the persons who issued the billing statements;
- #18, 19- the decision to seek rent for time when the Landlord refused to provide Ms. Prince with a lease;
- #20- the factual basis for making the decisions in topics 13-19, and identification of documents on which the decision was based;
- #21 -the decision to sue Ms. Prince for nonpayment during a time period when she did ntot have a lease (*See* Ex. H, Transcript of Arianit Jakupaj Deposition at 117:4-128:2).

As these topics are proportional to the needs of the case, not unduly burdensome or duplicative, and described with reasonable particularity, the witness should have been prepared to answer questions about these topics, as noticed. *See* Hotels, 2022 WL 2702378, at *2 (citing Blackrock Allocation Targe Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No 14 CV 9371, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)).

Further, the witness contended that billing statements were not actually sent by the Landlord Defendants but third party venor or bank. Secifically, Jakupaj said "[e]ither the bank or another entity affiliated with them" mails bills to tenants (*See* Ex. I, Transcript of Arianat Jakupaj Deposition 65:17-66:5). However, he could not identify the bank (*See* Ex. I, Transcript of Arianat Jakupaj Deposition 65:11-65:13). Nor did Landlord Defendants' December 16, 2025 initial disclosures identify such bank or the third party affiliated with the bank, even though the identity of the party which sent billing statements to tenants is a key issue in this lawsuit.

***Relief requested.*** The Court should order continued 30(b)(6) deposition with a witness who is prepared to testify as to topics 13, 14, 15, 17, 18, and 21 such that Plaintiff may obtain binding testimony on these subjects. This relief is appropriate because Plaintiff was unable to ask questions about multiple, broad topic areas related to the case. Lehal v. United States Marshal Service, No 13 CV 3923, 2017 WL 486278, at 7-8 (S.D.N.Y. Oct. 17, 2017) (ordering a continued 30(b)(6) deposition on inadequately-answered topics). Additionally, although the duration of this deposition was nearly four hours, Plaintiff asks that the Court determine that the 30(b)(6) deposition may continue for another four hours, as much of the prior deposition entailed simply confirming the unpreparedness of the deponent. Plaintiff noticed this continued deposition for September 10.

*Delinquent Answer to Second Set of Discovery Demands.*

The Court should lastly compel Landlord Defendants to provide fully responsive answers and documents to Plaintiff's second round of discovery requests by September 8, 2026. Landlord Defendants' responses to these demands were due August 14, 2026. To date, they have not provided any information responsive to these demands.

Specifically, Plaintiff seeks to compel the production of the following documents:

- Any and all records for Lisa Prince, Joyce Lee, Christian Lee or Apartment 28L in the "Yardi" system.
- The physical file for Lisa Prince which exists in Stellar Management's main office at 44 W 28th Street, 6th floor, New York, NY 10001.
- The physical file for Lisa Prince which exists in the site office at 49 Crown Street.
- Current and past organizational charts for Stellar Management.
- Any and all contracts or service agreements between Tivoli Bi LLC/Stellar Management and banks or third parties

.

In addition, Plaintiff seeks to compel fully responsive answers to the following questions:

- Identify the bank for 49 Crown Street.
- Identify any third-party who is involved in billing tenants at 49 Crown Street.
- Identify the services which banks or other third-parties perform for Stellar Management.
- Identify the individuals who took or deleted emails about Lisa Prince.

- Identify the CEOs of Stellar Management.
- Identify how many properties Stellar Management manages.
- Identify the person responsible for reviewing bills sent to tenants

***Relief requested*:** The Court should compel Landlord Defendants to provide fully responsive answers and documents to Plaintiff's second round of discovery requests by September 8, 2026.

**Defendants' Position**

Respectfully submitted,

Kailyn Gaines
Samar Katnani
Brooklyn Legal Services- Tenant Rights Coalition
1709 St Marks Ave, 2nd Floor
Brooklyn, NY 11233
718-233-6418
kgaines@lsnyc.org

Robert L. Arleo
Robert L. Arleo, Esq. P.C.
1345 Avenue of the Americas
2nd Floor
New York, New York 10105
212-551-1115
robertarleo@gmail.com

Adam M. Marshall
Kaufman Dolowich LLP
Attorneys for Defendants
Cullen & Associates, P.C. and Kevin Cullen
135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
516-283-8731
amarshall@kaufmandolowich.com