UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LISA PRINCE,

Plaintiff,

-against-

TIVOLI BI LLC; MEL MANAGEMENT CORP., d/b/a STELLAR MANAGEMENT; CULLEN & ASSOCIATES, P.C.; and KEVIN CULLEN,

Defendants.
---------------------------------------------------------x

Case No. 1:25-CV-3679

**PLAINTIFF'S NOTICE OF DEPOSITION**

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,

---------------------------------------------

Kailyn Gaines
BROOKLYN LEGAL SERVICES
1709 St Marks Ave, 2nd Floor
Brooklyn, New York 11233
kgaines@lsnyc.org
718-233-6418
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above referenced document to the parties listed below via email:

Defendant Kevin Cullen
by and through their attorney of record
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
*Cullen & Associates, P.C. and Kevin Cullen*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
516-681-1100

Date: June 24, 2026
Brooklyn, NY
/s/
Kailyn Gaines

## DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Lisa Prince.
2. "**Defendants**" means the defendants in this federal lawsuit: Tivoli Bi LLC, Mel Management Corp. d/b/a Stellar Management, Kevin Cullen, and Cullen & Associates, P.C.
3. "**Landlord Defendants**" means Tivoli Bi LLC and Mel Management Corp. d/b/a Stellar Management.
4. **"Attorney Defendants"** means Kevin Cullen and Cullen & Associates, P.C.
5. "**Building**" means the property bearing the address 47-57 Crown Street, Brooklyn, New York, 11225.
6. "**You**" or "**Your**" means 'Defendants', their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.
7. "**Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]
8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.
9. The term "**Putative Debt**" means the putative debt alleged in the state court case captioned *Tivoli Bi LLC v. Lisa Prince,* LT-320098-24/KI in Kings County Civil Court Housing Part or sought via communications sent to Ms. Prince.
10. The term "the **Lawsuit**" means the state court case captioned *Tivoli Bi LLC v. Lisa Prince,* LT-320098-24/KI in Kings County Civil Court Housing Court.
11. The term "**Petition**" means the document initiating the Lawsuit.
12. When referring to a person, to "**identify**" means to give, to the extent known, the person's full

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express,* 93 Civ. 5594 (LBS), 1998 WL 43125, at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391, at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's 'control' for purposes of the discovery rules.").

name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

13. To "**identify**," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

14. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

15. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

16. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

17. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

18. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2014 to the present**.

**<u>Fed. R. Civ. P. 30(b)(1) NOTICE OF DEPOSITION OF KEVIN CULLEN</u>**

PLEASE TAKE NOTICE THAT pursuant to FRCP 30(b)(1) Plaintiff will take the deposition of KEVIN CULLEN. **The deposition will be held on <u>August 3, 2026 at 10:30AM</u> remotely by the videoconferencing program Zoom or a similar videoconferencing program.**

The deposition will be recorded stenographically before a court reporter and will be videotaped.