UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------- x
LISA PRINCE,

Plaintiff,

-against-

TIVOLI BI LLC; MEL MANAGEMENT CORP., d/b/a STELLAR MANAGEMENT; CULLEN & ASSOCIATES, P.C.; and KEVIN CULLEN,

Case No. 1:25-CV-3679

Defendants.
-------------------------------------- x

**PLAINTIFF'S FIRST-AMENDED NOTICE OF DEPOSITION TO TIVOLI BI LLC AND MEL MANAGEMENT D/B/A STELLAR MANAGEMENT**

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,

------------------------------
Kailyn Gaines
BROOKLYN LEGAL SERVICES
1709 St Marks Ave, 2nd Floor
Brooklyn, New York 11233
kgaines@lsnyc.org
718-233-6418
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the above referenced document to the parties listed below via email:

Defendants Tivoli Bi LLC and Mel Management Corp. d/b/a Stellar Management
by and through their attorney of record
Robert Arleo, Esq., P.C.
1345 Avenue of the Americas, Second Floor
New York, N.Y. 10105
robertarleo@gmail.com

Date: June 15, 2026
Brooklyn, NY
/s/
Kailyn Gaines

## DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Lisa Prince.
2. "**Defendants**" means the defendants in this federal lawsuit: Tivoli Bi LLC, Mel Management Corp. d/b/a Stellar Management, Kevin Cullen, and Cullen & Associates, P.C.
3. "**Landlord Defendants**" means Tivoli Bi LLC and Mel Management Corp. d/b/a Stellar Management.
4. **"Attorney Defendants"** means Kevin Cullen and Cullen & Associates, P.C.
5. "**Building**" means the property bearing the address 47-57 Crown Street, Brooklyn, New York, 11225.
6. "**You**" or "**Your**" means 'Defendants', their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.
7. "**Possession, custody, or control"** of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]
8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.
9. The term "**Putative Debt**" means the putative debt alleged in the state court case captioned *Tivoli Bi LLC v. Lisa Prince,* LT-320098-24/KI in Kings County Civil Court Housing Part or sought via communications sent to Ms. Prince.
10. The term "the **Lawsuit**" means the state court case captioned *Tivoli Bi LLC v. Lisa Prince,* LT-320098-24/KI in Kings County Civil Court Housing Court.
11. The term "**Petition**" means the document initiating the Lawsuit.
12. When referring to a person, to "**identify**" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express,* 93 Civ. 5594 (LBS), 1998 WL 43125, at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.,* 2013 WL 3733391, at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's 'control' for purposes of the discovery rules.").

present or last known place of employment.

13. To "**identify**," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

14. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

15. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

16. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

17. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

18. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2014 to the present**.

**Fed.R.Civ.P. 30(b)(6) NOTICE OF DEPOSITION TO MEL MANAGEMENT d/b/a STELLAR MANAGEMENT**

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of **MEL MANAGEMENT d/b/a STELLAR MANAGEMENT "STELLAR"** on July 9, 2026 at 10:30 AM Eastern Standard Time by the videoconferencing program Zoom or a similar videoconferencing program. The deposition will be recorded stenographically before a court reporter and will be videotaped. Stellar is directed to designate a corporate representative to testify on its behalf on the following topics:

1. The claims raised in the First Amended Complaint, and the response and defenses raised by Stellar and the other Defendants in their Answer in this action.
2. Stellar's substantive answers to Plaintiff's discovery demands and the factual basis for the answers.
3. The identity of persons listed in Stellar's document production and, if known, in the document production of any Person, including the other Defendants, even if identified by abbreviation or code, and whether they work for Stellar or not.
4. The terms of any agreements governing the Putative Debt or the Lawsuit.
5. The contents of any documents related to the Putative Debt or the Lawsuit, including any documents incorporated by reference or supplements or addendums to such agreements.
6. Your relationship to and role regarding 1) Plaintiff; 2) each of the other Defendants; and the 3) the Lawsuit. Identify any other Persons so involved and the manner they are involved.
7. The identity of the current custodian or owner of the documents concerning Plaintiff, the Putative Debt, the Lawsuit.
8. The identity of persons Stellar communicated with regarding the Putative Debt and the Lawsuit.
9. The substance of communications among Defendants, HPD Section 8 and the parties in the Lawsuit regarding the Putative Debt and the Lawsuit.
10. The identity persons who have ownership interest in the Building and the nature and extent of the ownership.
11. The identity of persons who provide accounting, billing, and property management services for the Building, including for Plaintiff's unit.
12. The identity of persons who make decisions about Section 8 vouchers, placement and management and the factors that they use to make that determination, including the persons involved in making the decision as to the Plaintiff.
13. The decision to file the 2024 lawsuit and to send bills and ledgers reflecting a six-figure balance, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.
14. The decision as to how much money should be alleged due in the 2024 lawsuit and in all bills and ledgers sent to Plaintiff, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.
15. The decision to sue Plaintiff when she had paid her rent, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.
16. How much the Attorney Defendants were paid or how much the Landlord Defendants paid for the 2024 lawsuit and for each collection or predicate notice sent in connection to the

Lawsuit.

17. The identity of the persons who issued the billing statements and how they made the decision to issue them.
18. The decision to seek either through billing statements or lawsuits, rent for the time period you did not provide Ms. Prince a lease.
19. The identity of the persons who made the decision to refuse Ms. Prince a lease from 2014 – 2024, especially after ordered to do so by HPD and by the court.
20. The basis for the decision described above, including any documents used to form the basis for the decision.
21. The decision to sue Ms. Prince for alleged nonpayment of rent for a time period in which she was not provided a lease.

## Fed.R.Civ.P. 30(b)(6) NOTICE OF DEPOSITION TO TIVOLI BI LLC

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of **TIVOLI BI LLC "Tivoli"** on July 9, 2026 at 10:30 AM Eastern Standard Time by the videoconferencing program Zoom or a similar videoconferencing program. The deposition will be recorded stenographically before a court reporter and will be videotaped. Tivoli is directed to designate a corporate representative to testify on its behalf on the following topics:

1. The claims raised in the First Amended Complaint, and the response and defenses raised by Tivoli and the other Defendants in their Answer in this action.
2. Tivoli's substantive answers to Plaintiff's discovery demands and the factual basis for the answers.
3. The identity of persons listed in Tivoli's document production and, if known, in the document production of any Person, including the other Defendants, even if identified by abbreviation or code, and whether they work for Tivoli or not.
4. The terms of any agreements governing the Putative Debt or the Lawsuit.
5. The contents of any documents related to the Putative Debt or the Lawsuit, including any documents incorporated by reference or supplements or addendums to such agreements.
6. Your relationship to and role regarding 1) Plaintiff; 2) each of the other Defendants; and the 3) the Lawsuit. Identify any other Persons so involved and the manner they are involved.
7. The identity of the current custodian or owner of the documents concerning Plaintiff, the Putative Debt, the Lawsuit.
8. The identity of persons Tivoli communicated with regarding the Putative Debt and the Lawsuit.
9. The substance of communications among Defendants, HPD Section 8 and the parties in the Lawsuit regarding the Putative Debt and the Lawsuit.
10. The identity persons who have ownership interest in the Building and the nature and extent of the ownership.
11. The identity of persons who provide accounting, billing, and property management services for the Building, including for Plaintiff's unit.
12. The identity of persons who make decisions about Section 8 vouchers, placement and management and the factors that they use to make that determination, including the persons involved in making the decision as to the Plaintiff.
13. The decision to file the 2024 lawsuit and to send bills and ledgers reflecting a six-figure

balance, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.

14. The decision as to how much money should be alleged due in the 2024 lawsuit and in all bills and ledgers sent to Plaintiff, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.
15. The decision to sue Plaintiff when she had paid her rent, including but not limited to the basis for the decision, the information relied on for that decision, and communication about the decision.
16. How much the Attorney Defendants were paid or how much the Landlord Defendants paid for the 2024 lawsuit and for each collection or predicate notice sent in connection to the Lawsuit.
17. The identity of the persons who issued the billing statements and how they made the decision to issue them.
18. The decision to seek either through billing statements or lawsuits, rent for the time period you did not provide Ms. Prince a lease.
19. The identity of the persons who made the decision to refuse Ms. Prince a lease from 2014 – 2024, especially after ordered to do so by HPD and by the court.
20. The basis for the decision described above, including any documents used to form the basis for the decision.
21. The decision to sue Ms. Prince for alleged nonpayment of rent for a time period in which she was not provided a lease.