***ROBERT L. ARLEO, ESQ. P.C.***
1345 Avenue of the Americas
2nd Floor
New York, N.Y. 10105

Telephone: (212) 551-1115 Fax: (518) 751-1801
Email: robertarleo@gmail.com

September 1, 2026

Honorable Peggy Cross-Goldenberg
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Prince v. Tivoli Bi, LLC, Stellar Management,
Kevin Cullen and Cullen & Associates, P.C.
25-cv-03679 (NCM)(CLP)

Dear Magistrate Judge Cross-Goldenberg:

I represent Defendants Tivoli Bi, LLC and Stellar Management. I am responding to the Joint Letter Motion to Compel (Dkt. No. 56) which was filed yesterday by counsels for Plaintiff. Initially, I note that I advised Plaintiff's attorney, Ahmad Keshavarz, that I would submit my clients' proposed position for inclusion in the joint letter by the close of business yesterday, August 31st. However, the Plaintiff's letter was filed before the close of business yesterday without my clients' position. The underlying shall constitute the same.

I am puzzled as to why Plaintiff's counsel chose to restate their legal claims in an alleged discovery motion to compel letter as the same is unnecessary. In the letter, complete with typographical and spelling mistakes, Plaintiff's counsels misstate multiple factors. For example, Plaintiff is not a rent-stabilized tenant as the building wherein Plaintiff resides is subject to the New York State Mitchell-Lama law. Next, the representation that my clients refused to provide a lease to Plaintiff is disputed. Next, Defendants never acknowledged that Plaintiff had paid her rent.

Regarding representations concerning discovery status. Why are Plaintiff's counsels unnecessarily referring to the issues concerning the first attempt by Defendants' Rule 30(b)(6) witness to appear for a deposition other than to unnecessarily impugn Defendants and waste Your Honor's valuable time? In regard to the claim that Defendants' Rule 30(b)(6) witness was unprepared to testify. The witness was generally prepared to answer questions to the best of his ability. It is stressed that the timeline for the issues in this lawsuit go back 13 years. Many persons who have information about Plaintiff no longer work for Defendants. Notwithstanding, Plaintiff's counsels peppered Defendants' 30(b)(6) witness with unnecessary and harassing hypotheticals at the outset of the deposition and further insulted the 30(b)(6) witness by referring to him as "a loser" during a break in testimony.

In regard to the deposition of Lorna Blackman, she left the employ of Defendant Tivoli in June 2026 and Plaintiff's have forwarded a copy of a subpoena for Ms. Blackman. In regard to Jessica Seepersad. She processes annual recertification of household composition and income for Mitchell-Lama tenants. She has no knowledge regarding the decisions concerning rent bills or whether or not to sue tenants. Notwithstanding her lack of knowledge, my clients will agree to produce to Ms. Seepersad for a deposition at a mutually convenient date and time. Otherwise, I do not recall ever refusing to produce Ms. Seepersad for a deposition. In regard to the deposition of Francine Schiff, I am open to attempts to reschedule that deposition.

In regard to the alleged new facts learned from the 30(b)(6) witness, those facts are covered in the Defendants' responses to Plaintiff's second set of discovery demands which I forwarded to Plaintiff's counsels via email today. Otherwise, the reference to physical files, and as stated in the heretofore referenced discovery responses, there is no file for Ms. Prince at the main office at 44 West 28th Street, New York. The only physical file is located at 49 Crown Street, Brooklyn. Thus, any contrary statements by the 30(b)(6) witness were unintentionally incorrect or, more likely, a result of a confusing question or a misapprehension of a question.

Plaintiff's counsels are incorrect in their allegations that Defendants have thwarted discovery. Plaintiffs have yet to depose the attorney Defendants and are seeking to depose additional persons associated, or formerly associated, with my clients. Notwithstanding, Plaintiff's second set of discovery demands contain inquiries regarding issues totally unrelated to this lawsuit and demonstrate that Plaintiff's counsels are abusing the discovery process. I attach a copy of Defendants' responses to these demands herewith.

Respectfully submitted

/ s / *Robert L. Arleo*

Robert L. Arleo

RLA:gra
CC: All attorneys of record via email and via ECF